THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLARENCE FOLSOM, Appellant.

Third Department, November 15, 1944.

*Kitay & Crowley*, attorneys (*James J. Crowley* of counsel), for appellant.

*John J. Livingston, District Attorney of St. Lawrence County*, for respondent.

Foster, J. The defendant has been convicted of the crimes of incest and adultery. The only question of moment involved on this appeal is whether or not there was additional evidence, aside from defendant's confession, to indicate that the crimes charged had been committed. Section 395 of the Code of Criminal Procedure requires such additional proof to sustain a conviction upon a confession.

The proof indicates that the defendant had an unmarried daughter twenty-two years of age, and that on October 16, 1943, she gave birth to a male child. The details concerning the birth of this child are in the record but there is nothing in this testimony to suggest that the crime of incest had been committed. The daughter resided at the home of the defendant together with her mother and two brothers.

There is proof in the record as to how the defendant's confession was obtained. In substance it was shown that the daughter was interviewed by some officers and made a statement. What was in the statement, of course, does not appear, and the daughter was not sworn as a witness. After she made the statement however, the statement was shown to the defendant and he was asked " if he wanted the girl to take the rap alone." Thereafter he made a written confession.

We do not think that the foregoing constituted additional proof that the crime of incest had been committed. The birth of the child, of course, indicated that the daughter had intercourse with some man but the essence of the crime of incest is not intercourse, but intercourse with a relative within the prescribed line of consanguinity.

Nor do the circumstances surrounding the confession of the defendant furnish the additional proof. To hold them sufficient would require the use of an inference based upon inference.

First, the inference that the daughter confessed to incestuous relations with defendant, and second, the further inference that he confessed because of her statement or because of fear that she would be prosecuted. Inferences cannot be piled upon one another to furnish proof of probative value; they should be drawn from established facts. (*People* v. *Scharf,* 217 N. Y. 204; *People* v. *Harris,* 136 N. Y. 423.) If the primary inference here, that the daughter had confessed, was a fact instead of an inference the rule would be met, but such is not the case.

We note from the record at least two instances where the District Attorney attempted to show certain acts or conduct between the defendant and his daughter, and we assume that he was attempting to show improper conduct. He was shut off in both instances on the mistaken theory that it was improper to show any display of affection between the defendant and his daughter because no inference of any unnatural desire could be drawn from such conduct. We think the ruling in this regard was improper and that the District Attorney should have been permitted to show such evidence as he had on the subject. Whether it would have been sufficient to submit to the jury we cannot say, but if it was of such a character that a jury might legitimately draw therefrom an inference of unnatural desire then the jury should have been permitted to hear and pass upon it.

The judgment of conviction should be reversed and a new trial granted.

All concur.

Judgment of conviction reversed on the law and facts and a new trial granted.