Goldman, J.
(dissenting). Defendant-appellant was convicted in Erie County Court of selling narcotics in violation of subdivision 1 of section 1751 of the Penal Law. The record elearly indicates that the principal proof consisted of the defendant’s confession and we are presented here with the specific question of whether there was sufficient additional proof to satisfy the requirements of section 395 of the Code of Criminal Procedure. We believe that such additional proof is not present and that the conviction therefore must fall.
*964 The gravamen of the charge was the sale of narcotics, viz. heroin. In our view, the additional independent proof, either direct or circumstantial, of a sale of heroin at the time and place alleged, is lacking. Ballentine’s Law Dictionary, in defining a “ sale ” cites Blaekstone’s definition as “ a transmutation of property from one man to another in consideration of some price or recompense in value ”. It further defines a “ sale ” as “ a transfer of the absolute or general property in a thing for a price in money”. Black’s Law Dictionary, citing Arnold v. North Amer. Chem. Co. (232 Mass. 196, 199) supports this definition in the following language: “ It is the transfer of property from one person to another for a consideration of value. * * * The word implies ordinarily the passing from seller to buyer of the general and absolute title to property as distinguished from a special interest, a bailment, a license, a lease, a pawn or other limited right falling short of complete ownership.”
The only evidence in the record of a “ sale ” was the hearsay testimony of a police officer that one Cannine, whom the officer knew to 'be a “ dope peddler ” and “user”, and who had the heroin in his possession immediately before the police picked it up, had previously received heroin from the defendant “on consignment ”, that the $120' found in the apartment house “represented payment for the 50 capsules of heroin plus payment for capsules which had passed on previous occasions”. A payment to the defendant Cannine for previously delivered narcotics on consignment would be no proof of a sale on the day in question, as charged. Even assuming the competency of this testimony its import was to make Cannine the defendant’s agent and thus negative the possibility of a sale. Under such an arrangement certainly no title passed from the defendant to Cannine.
Looking solely at the additional proof, we find that the following took place: Cannine entered a taxicab, in which there were the driver and one other person, and dropped a package when two police officers converged upon him. The parcel contained capsules of heroin compounded with sugar. The police then went into the building from which Cannine had emerged, which consisted of various apartments in one of which the defendant and his wife lived. The defendant’s apartment was empty, although he and his wife entered the apartment shortly after the arrival of the police. The defendant’s apartment was searched and nothing was found. The police officers then went downstairs and in another apartment found $120 in the coat pocket of the resident of that apartment, the caretaker of the apartment house. Upon trial a police officer testified that $125 was the going price for the quantity of heroin capsules dropped by Cannine. Giving every favorable inference to the testimony just recited this is all the proof presented to meet the requirements of section 395.
The testimony of the police officers was weak, unconvincing and in part contradictory. Officer Mattlingley could not remember if there was a third floor in the apartment house or whether there were persons in the other rooms of the house. Officer Stanton’s testimony was of similar poor quality, answering seme questions with “ I don’t remember ” and prefacing the very important conversation with Cannine about the consignment, with the words, “If my memory serves me correctly”. Furthermore, he did not remember whether he had taken the person in custody who was in the taxicab or whether he had questioned him. Yet, at the same time, this witness testified with absolute certainty that the defendant had said to him at one point, “I don’t want to say anything that would incriminate me ”. It taxes our credulity to believe that this defendant made this statement in demanding that one police officer leave the room so that he would be alone with the other and then said, “ That is better, my word is as good as yours ”.
*965 We must bear in mind that no matter what the excuse no witnesses other than three police officers were presented by the prosecution upon the trial. Certainly Cannine, the defendant’s wife, the cab driver and the occupant of the cab were material and important witnesses. The only reasonable inference to be drawn from the failure to produce not one of them is that they would not have been helpful to the prosecution had they taken the stand.
Section 395 of the Code of Criminal Procedure reads as follows: “ Confession of defendant, when evidence, and its effect. A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.”
We agree with the defendant’s contention that the additional proof offered attempts to raise an inference from an inference and not from a fact. It is clearly stated in People v. Folsom (268 App. Div. 350) that such proof does not satisfy the requirements of section 395. When we scrutinize the testimony and apply the test set by the Court of Appeals in People v. Fitzgerald (156 N. Y. 253) we find the proof woefully lacking and certainly not of the quality required to support this conviction. We agree completely with the following statement at pages 257-258 of that opinion: “ But it is not every fact or circumstance from which an ingenious or imaginative mind may infer by some process of reasoning the existence of the main fact in issue that the law admits as possessing the force and certainty of evidence. In attempting to prove a fact by circumstantial evidence there are certain rules to be observed that reason and experience have found essential to the discovery of truth and the protection of innocence. The circumstances themselves must be established by direct proof and not left to rest upon inferences. The inference which is to be based upon the facts and circumstances so proved must be a clear and strong logical inference, an open and visible connection between the facts found and the proposition to be proved. When a criminal charge is sought to be sustained wholly by circumstantial evidence the hypothesis of guilt or delinquency should flow naturally from the facts and circumstances proved and be consistent with them all. The evidence of facts and circumstances must be such as to exclude, to a moral certainty, every hypothesis but that of guilt of the offense imputed, or, in other words, the facts and circumstances must all be consistent with and point to the guilt of the accused not only, but they must be inconsistent with his innocence.”
We find ourselves unable to reach the conclusion from the record before us that the “ circumstances ” are “ such as to exclude to a moral certainty every hypothesis” other than a sale of heroin by the accused. We must therefore dissent and vote for a new trial.
All concur, except Kimball and Goldman, JJ., who dissent and vote for reversal and for granting a new trial in an opinion by Goldman, J., in which Kimball, J., concurs. Present — MeCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.
Judgment of conviction affirmed.