■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. WHITE, Appellant. [625 NYS2d 675] —White, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 30, 1992, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

The indictment returned against defendant charged him with the crimes of attempted murder in the second degree (two counts), assault in the first degree, attempted assault in the first degree, reckless endangerment in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts). Ultimately, pursuant to a plea bargain,

defendant entered a counseled *Alford* plea of guilty to the charge of attempted murder in the second degree in full satisfaction of the indictment, with the understanding that he would receive a sentence of 6 to 18 years that would run concurrently with a Federal sentence imposed upon him *(see, North Carolina v Alford,* 400 US 25). Although he received the bargained-for sentence, defendant appeals, claiming that County Court erred in accepting his plea in the face of his protestations of innocence.

Due to defendant's failure to move to withdraw his plea under CPL 220.60 (3) or to move to vacate the judgment of conviction pursuant to CPL 440.10, his challenge to the sufficiency of the plea allocution has not been preserved for appeal *(see, People v Lopez,* 71 NY2d 662, 665; *People v Hicks,* 201 AD2d 831, *lv denied* 83 NY2d 911). Were we to reach the merits, we would affirm since it is not necessary that a defendant admit guilt when entering an *Alford* plea provided the plea is informed and intelligent *(see, People v Bruington,* 186 AD2d 504, *lv denied* 81 NY2d 968). This criteria was satisfied here for the record demonstrates that County Court carefully examined defendant, who responded that he wanted to enter an *Alford* plea to avoid the risk of trial and the possibility of receiving a greater sentence if convicted. He further indicated he was acting freely and voluntarily and that he was satisfied with his counsel's representation. The validity of a plea does not depend upon the incantation of ritualistic phrases by the defendant but rests upon the defendant's understanding and appreciation of the consequences of the plea *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067). In this case the record indicates a knowledgeable, voluntary plea by defendant with a clear understanding of the consequences.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.