■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRAY, Appellant. [657 NYS2d 261] —Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered January 3, 1996 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was indicted and charged with the crimes of burglary in the first degree and attempted petit larceny. After a *Wade* hearing on the eve of trial, while represented by counsel, defendant accepted an offer to plead guilty to burglary in the second degree in full satisfaction of the indictment. As part of the plea allocution, he affirmatively waived his right to appeal. As a second felony offender, defendant was sentenced to $3^{1}/2$ to 7 years in prison. On appeal, he challenges the denial of his suppression motion as well as the failure to hold a hearing to determine the constitutionality of his prior felony conviction

after he purportedly nodded his head in response to a query as to whether he wished to challenge the constitutionality of that conviction.

Having failed to move to withdraw his plea or vacate the judgment of conviction, defendant may not now challenge the sufficiency of that plea on appeal (see, People v Sloan, 228 AD2d 976, lv denied 88 NY2d 994; People v Villafane, 216 AD2d 605, lv denied 88 NY2d 996). Were we to review his contentions, we would find that Supreme Court painstakingly reviewed with him the consequences of his plea, the rights he was waiving in entering such plea and the effect of his execution of the waiver of appeal. We further note that the prosecution offered a different sentence if defendant chose not to waive his right to appeal. Mindful that "the negotiating process serves little purpose if the terms of 'a carefully orchestrated bargain' can subsequently be challenged" (People v Seaberg, 74 NY2d 1, 10), we find it clear, on these facts, that defendant's plea was " 'a voluntary and intelligent choice among * * * alternative courses of action' " (People v Legault, 180 AD2d 912, 913, lv denied 79 NY2d 1051, quoting North Carolina v Alford, 400 US 25, 31).

As to his challenge to the constitutionality of his prior conviction, we note that despite his representation by counsel this issue was never properly raised before Supreme Court. Instead, defendant merely nodded his head in response to a question by Supreme Court as to his desire to challenge the constitutionality of his prior conviction and then proceeded to admit to all of the allegations contained in his statement. Hence, we find no basis to conclude that Supreme Court was required to hold a hearing pursuant to CPL 400.21 (5).

Accordingly, we enforce defendant's waiver of his right to appeal and affirm the judgment of conviction.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.