■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WALTON, Appellant. [670 NYS2d 250] —Mikoll, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered May 5, 1997, convicting defendant upon his plea of guilty of the crime of conspiracy in the fourth degree.

While defendant was incarcerated in Franklin Correctional Facility in Franklin County, an indictment was returned against him charging him with the crimes of promoting prison contraband in the first degree and conspiracy in the fourth degree for allegedly arranging with an accomplice to smuggle some marihuana and heroin into the facility. Ultimately, defendant entered a counseled *Alford* plea of guilty to the charge of conspiracy in the fourth degree in full satisfaction of the indictment. Defendant was sentenced as a second felony offender to 2 to 4 years in prison and this appeal ensued.

Initially, defendant argues that County Court erred in accepting his guilty plea in the face of his protestations of innocence during the allocution. We note, however, that due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction, his challenge to the sufficiency of the plea allocution has not been preserved for appeal (*see, People v Gray*, 239 AD2d 713, 714, *lv denied* 90 NY2d 893). In any event, were we to reach the merits, we would affirm because "it is not necessary that a defendant admit guilt when entering an *Alford* plea provided the plea is informed and intelligent" (*People v White*, 214 AD2d 811, 812, *lv denied* 86 NY2d 742). Our review of the plea minutes reveals that County Court thoroughly reviewed the ramifications of the plea with defendant who clearly responded that he wished to enter an *Alford* plea to avoid the risk of trial and the possibility of receiving greater prison exposure if convicted (*see, id.*). Defendant further indicated that he was acting freely and voluntarily after a complete discussion of the matter with his counsel. Under these circumstances, we find no reason to vacate the plea in the interest of justice.

With respect to defendant's sentence, we further reject defendant's claim that the sentence imposed was unduly harsh and excessive. No promise of a more lenient sentence was made and, given defendant's criminal history and County Court's considerable discretion, we find no reason to disturb the sentence imposed.

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.