■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL J. CRANDALL, Appellant. [710 NYS2d 127] —Peters, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered November 5, 1998, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was charged in a three-count indictment with assault in the second degree, resisting arrest and obstructing governmental administration in the second degree. The charges stemmed from allegations that defendant threw stones at a police officer investigating an emergency 911 hang-up telephone call and attempted to prevent his arrest by slamming the patrol vehicle door on the officer's leg. When an issue of defendant's mental competency arose, County Court ordered defendant to submit to two psychiatric examinations pursuant to CPL article 730. Defendant was found competent to stand trial and, following an exhaustive colloquy with County Court, entered an *Alford* plea of guilty to assault in the second degree. Sentenced to a prison term of one year, defendant appeals.

Defendant contends that his guilty plea was not knowing, voluntary and intelligent because he suffered from mental illness which rendered him unable to understand the plea proceedings. Defendant also maintains that his failure to provide a complete factual recitation of the crime and his claims of innocence during the plea allocution should have prompted County Court to conduct a further inquiry prior to accepting the plea. Despite defendant's failure to preserve these arguments by moving to withdraw his guilty plea or to vacate the judgment of conviction (*see, People v Lancaster*, 260 AD2d 660), upon a prior appeal to this Court we determined that the assignment of new appellate counsel was warranted to address nonfrivolous issues regarding the voluntariness of defendant's plea (263 AD2d 772). Upon our review of the merits, however, we are not persuaded that the issues raised by defendant require reversal as an exercise of our discretion in the interest of justice.

Preliminarily, we note that, defendant's protestations of innocence and failure to recite the factual elements of the crime did not preclude County Court from accepting defendant's *Alford* plea (*see, North Carolina v Alford*, 400 US 25, 36-37; *People v Walton*, 248 AD2d 803, *lv denied* 92 NY2d 908). Turning to defendant's mental competency, the reports submitted by the mental health professionals who examined defendant were sufficient to establish that he did not lack the "capacity to understand the proceedings against him or to assist in his own

defense" (CPL 730.10 [1]; *see, People v Dupont*, 268 AD2d 612, 613). Contrary to defendant's contention, the mental health professionals were not required to state in their reports the reasons underlying their opinions because they did not find defendant incompetent to stand trial (*see*, CPL 730.10 [8]).

Although defendant repeatedly stated during the plea allocution that he did not comprehend the proceedings, a review of the questions he posed to County Court and his responses to the court's inquiries reveal that defendant was oriented, coherent and capable of logical reasoning. Defendant's understanding of the plea proceedings is particularly evident from the fact that he emphatically refused County Court's repeated offers to terminate the plea proceedings and to allow the matter to proceed to trial. Moreover, on several occasions defendant responded to County Court's extensive inquiries by indicating that he understood the ramifications of pleading guilty and was entering the plea voluntarily. Under these circumstances, we find that defendant's *Alford* plea was knowingly, voluntarily and intelligently entered (*see, People v Dupont, supra*; *People v Stonis*, 246 AD2d 911, *lv denied* 92 NY2d 883; *People v Claudio*, 183 AD2d 945).

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.