■ The People of the State of New York, Respondent, v Rashawn Simpson, Appellant. [783 NYS2d 143]—

Rose, J. Appeal from a judgment of the County Court of

Washington County (Hemmett, Jr., J.), rendered July 1, 2002, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

Upon entering a counseled *Alford* plea of guilty to the crime of aggravated harassment of an employee by an inmate, a class E felony, defendant was sentenced as a second felony offender to an agreed-upon prison term of 1½ to 3 years, to run consecutively with the sentence he was then serving. Defendant appeals. Initially, as defendant failed to move to withdraw his plea or vacate the judgment of conviction, although clearly given the opportunity to do so by County Court, he is now precluded from challenging the voluntariness of the plea (*see People v Ruger*, 279 AD2d 795, 796-797 [2001], *lv denied* 96 NY2d 806 [2001]; *People v Sims*, 242 AD2d 758, 759 [1997], *lv denied* 91 NY2d 930 [1998]). In any event, the record reveals that County Court thoroughly apprised defendant of the nature and consequences of the plea, and defendant not only acknowledged that he understood the rights he would be relinquishing, after having adequate time to discuss the terms of the plea with counsel, but he further stated that he definitely wanted to plead guilty to avoid the possibility of receiving a harsher sentence if convicted after trial (*see People v Ruger, supra; People v Walton*, 248 AD2d 803 [1998], *lv denied* 92 NY2d 908 [1998]; *People v White*, 214 AD2d 811, 812 [1995], *lv denied* 86 NY2d 742 [1995]). Notably, County Court assured defendant several times, in response to his stated concerns, that he would receive a fair trial should he choose not to plead guilty.

Defendant's challenge to his sentence is also unavailing. Defendant not only received the minimum sentence authorized by statute (*see* Penal Law § 70.06 [3] [c]; [4] [b]), but, contrary to defendant's contention, he was informed that he would be receiving a consecutive sentence, which, by statute, is mandatory (*see* Penal Law § 70.25 [2-a]), as is the assessed surcharge and crime victim assistance fee (*see* Penal Law former § 60.35 [1] [a]). Any remaining contentions have been reviewed and found meritless.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.