(June 30, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINA CASH, Appellant. [797 NYS2d 628]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 21, 2000, convicting defendant upon her plea of guilty of the crime of manslaughter in the second degree.

Defendant was indicted on one count of murder in the second degree after she drove a truck at an excessive speed, disregarded traffic signals and struck and killed another motorist. After psychiatric testing, defendant was found competent to stand trial. Prior to jury selection, defendant appeared with counsel and indicated that she wished to enter an *Alford* plea to the reduced charge of manslaughter in the second degree in exchange for a prison term of 5 to 15 years. Defendant stated that she understood the plea bargain and the rights that she was giving up by pleading guilty. Her attorney stated that he had reviewed with defendant the evidence that would be offered against her at trial, including eyewitness testimony, photographs and testimony from psychiatrists. Defendant further stated that she understood that if she were found not guilty by reason of mental defect, she would have to go to a state mental hospital. She admitted that she was driving recklessly, although she could not remember the details of that incident. Her attorney then outlined the case against defendant in detail, and defendant stated that she was satisfied with his recitation of the witness accounts of her conduct. Defendant thereupon stated that she was not sure that she wanted to plead guilty and may wish to proceed with the trial. The following day, defendant's two attorneys stated that they had each met with defendant for over an hour and had explained the plea bargain to her, and that she understood the consequences of a guilty plea. Defendant stated that she felt "much better" and indicated that she wanted to accept the plea offer. Defendant stated that she understood her culpability through witness accounts of her conduct. She then

acknowledged that she recklessly caused the death of another and wished to plead guilty. County Court noted that defendant appeared alert and focused and accepted defendant's guilty plea. Defendant was sentenced to a prison term of 5 to 15 years, and she now appeals.

Defendant's challenge to the validity of the plea is unpreserved for our review due to her failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Ruger*, 279 AD2d 795, 796 [2001], *lv denied* 96 NY2d 806 [2001]; *People v Crandall*, 272 AD2d 717, 717 [2000]; *People v Walton*, 248 AD2d 803, 803 [1998], *lv denied* 92 NY2d 908 [1998]). In any event, "it is not necessary that a defendant admit guilt when entering an *Alford* plea provided the plea is informed and intelligent" (*People v White*, 214 AD2d 811, 812 [1995], *lv denied* 86 NY2d 742 [1995]; *see People v Crandall, supra* at 717). This criteria was satisfied. Our review of the record reveals that County Court meticulously, repeatedly and patiently reviewed with defendant her options and the ramifications of the plea; defendant clearly responded that she wished to enter an *Alford* plea to avoid the risk of trial and the possibility of receiving a life sentence if convicted. She further indicated that she understood the nature of the proceeding and the ramifications of the plea after she had thoroughly discussed the matter with her counsel. Under these circumstances, we find no reason to vacate the plea in the interest of justice.

With respect to defendant's sentence, we further reject defendant's claim that the agreed upon sentence imposed was unduly harsh and excessive. Given County Court's considerable discretion, we find no reason to disturb the sentence imposed.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.