■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SPULKA, Appellant. [727 NYS2d 789] —Mercure, J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.) rendered June 23, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant disposed of an indictment charging him with promoting prison contraband in the first degree with a guilty plea to attempted promoting prison contraband in the first degree, entered with the express understanding that he would be sentenced as a second felony offender to an indeterminate prison term of 1½ to 3 years, to run consecutively to the prison term that he was already serving at the time of his commission of the crime. Because defendant was concerned that any admissions of guilt could adversely impact a pending appeal from a tier III disciplinary disposition, he requested and was permitted to enter an *Alford* plea. At the time fixed for sentencing, defendant made an oral motion to withdraw his guilty plea upon the ground that the "complaining officer," a correction officer, coerced him into pleading guilty with threats of physical violence. County Court denied the motion and proceeded with sentencing. After advising defendant that he had the right to contest the constitutionality of any prior felony conviction and that his failure to do so waived that right, defendant acknowledged that he had been previously convicted of the felony of criminal sale of a controlled substance in the third degree. County Court then imposed the bargained-for sentence. Defendant now appeals, contending that, absent competent evidence of his guilt, County Court erred in accepting his *Alford* plea.

As a threshold matter, we agree with the People's contention that defendant has failed to preserve his present claim concerning the validity of his *Alford* plea for our review. Although an oral motion to withdraw a plea of guilty will suffice to preserve the ground stated as the basis for the motion (*see, People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863), it will not serve to preserve any other ground for withdrawal or annulment of the plea (*see, People v Rafael*, 243 AD2d 277, *lv denied* 91 NY2d

836). In any event, were we to consider the merits of defendant's argument, we would find it to be unavailing.

In our view, the two-prong test for *Alford* pleas, which requires both the product of a voluntary, rational choice and strong record evidence of actual guilt (*see, Matter of Silmon v Travis*, 95 NY2d 470, 474-475), has been met. County Court's review of the Grand Jury minutes, which contained evidence that a strip search of defendant's person disclosed packets of a substance that subsequent analysis showed to be heroin, provided it with a satisfactory basis for concluding that the evidence of defendant's guilt was strong (*see, People v Schneider*, 259 AD2d 1024, *lv denied* 93 NY2d 978). Although defendant is correct in his contention that the Grand Jury minutes would not have been admissible as evidence-in-chief at trial (*see*, CPL 670.10 [1]), he overlooks the fact that the testimonial and documentary evidence presented to the Grand Jury, and revealed to County Court through the Grand Jury minutes, would have been admissible. As a final matter, we reject defendant's *pro se* argument that he was illegally sentenced because of County Court's failure to ask him whether he wished to challenge his prior conviction. As earlier noted, County Court carefully advised defendant of that right and of the effect of his failure to do so.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.