■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE S. CLEMONS, Appellant. [749 NYS2d 605] —Rose, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 5, 2001, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Defendant was indicted on charges of rape in the third degree (four counts), sodomy in the third degree and endangering the welfare of a child (two counts) based upon allegations that at the age of 28, he had engaged in sexual intercourse on numerous occasions with a 14-year-old girl. On at least one occasion, the victim's 12-year-old sister was permitted to observe this conduct.

Pursuant to a plea bargain agreement, defendant entered an *Alford* plea to one count of rape in the third degree in exchange for a promised prison sentence of 1 to 3 years. After County Court's acceptance of defendant's *Alford* plea, he made three motions for leave to withdraw it. All three motions were denied and defendant was ultimately sentenced to the agreed-upon prison term of 1 to 3 years.

On this appeal, defendant contends that County Court erred by accepting his *Alford* plea without first eliciting evidence of his guilt, i.e., by not requiring him to admit his commission of acts constituting the crime of rape in the third degree. We

disagree. When, as here, the record contains strong evidence of actual guilt, there is no requirement that a defendant must make a factual recitation confirming his guilt before an *Alford* plea is accepted (*see Matter of Silmon v Travis*, 95 NY2d 470, 474-475; *People v Crandall*, 272 AD2d 717). County Court stated that it was satisfied that there was a sufficient factual basis for defendant's plea based upon its review of the statement given by defendant to the police and the grand jury minutes. The latter included the testimony of the victim who attested that she had known defendant all of her life and had engaged in a sexual affair with him over a seven-month period of time when she was 14 years old. She added that on at least one occasion, her younger sister had been permitted to watch. Also in the minutes was defendant's statement given to the arresting police investigator wherein he gave a highly detailed account of his sexual relationship with the 14-year-old victim and confirmed that her 12-year-old sister had occasionally observed them.

We find that County Court properly accepted defendant's *Alford* plea as there was strong record evidence of defendant's actual guilt (*see People v Spulka*, 285 AD2d 840, 841, *lv denied* 97 NY2d 643; *People v Schneider*, 259 AD2d 1024, *lv denied* 93 NY2d 978). Defendant's remaining contention that his plea was not voluntary and knowing has been reviewed and found to be without merit.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.