■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND STEWART, Appellant. [763 NYS2d 688] —Kane, J. Appeals (1) from a judgment of the County Court of Greene County (Lalor, J.), rendered February 22, 2000, convicting defendant upon his plea of guilty of the crime of arson in the third degree, and (2) by permission, from an order of said court, entered May 16, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Fire damaged a condemned apartment building where defendant formerly resided. Arson was suspected, as electric and gas services had been terminated, no combustible materials were stored there, and there were three separate fires in the living rooms of three different apartments. When defendant was questioned by police shortly after the fires started, he admitted to having been in the building that evening and that he dropped cigarettes and a lit match in two different apartments, but denied knowledge of any fire. After indictment, defendant

agreed to enter a plea to arson in the third degree with a recommended sentence of 3 to 6 years in prison and waiver of his right to appeal. After defendant stated that he would plead guilty but that he started the fire accidentally, not intentionally, he was permitted to enter an *Alford* plea and received the agreed upon sentence. Defendant now appeals his conviction and the denial of his subsequent CPL 440.10 motion.

The issues raised by defendant may be addressed on a CPL article 440 motion or can be raised on direct appeal despite a waiver of appeal. Defendant first contends that County Court improperly accepted his *Alford* plea. An *Alford* plea, wherein the accused is permitted to enter a guilty plea without admitting culpability, may be allowed only where such plea "is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis,* 95 NY2d 470, 475 [2000]; *see North Carolina v Alford,* 400 US 25, 37 [1970]). The defendant is not required to make a factual recitation confirming guilt; the court may accept the plea if satisfied that there is a sufficient factual basis for the plea based on its review of the information before it (*see People v Clemons,* 299 AD2d 666, 667 [2002], *lv denied* 99 NY2d 627 [2003]). Protestations of innocence do not preclude the court from accepting an *Alford* plea (*see People v Crandall,* 272 AD2d 717, 717 [2000]).

Here, strong evidence of guilt was contained in the grand jury minutes and motion submissions, including statements from defendant and three witnesses, all of which was reviewed by County Court before defendant's plea was taken (*see People v Clemons, supra* at 667; *People v Berry,* 286 AD2d 548, 549-550 [2001], *lv denied* 97 NY2d 701 [2002]; *People v Spulka,* 285 AD2d 840, 841 [2001], *lv denied* 97 NY2d 643 [2001]). The court's colloquy discussed the rights being given up as a result of the plea, the consequences of a conviction after a plea, that defendant had discussed the charge and options with his attorney, that he was satisfied with his attorney's services, the meaning of an *Alford* plea—that defendant was pleading guilty because there was heavy proof against him, it was likely that he would be convicted at trial, he was facing a possibility of 15 years' imprisonment, and this plea avoided the risk by assuring a lesser sentence—and the court recited the specifics of the crime charged. Accepting this plea was a rational choice to limit the sentencing exposure had he gone to trial, which was accomplished by defendant knowingly, voluntarily and with an understanding of the consequences (*see People v Jones,* 109 AD2d 893 [1985], *lv denied* 66 NY2d 764 [1985]).

Contrary to defendant's assertion, County Court did not err by deciding his CPL article 440 motion without a hearing. Sufficient information regarding effectiveness of counsel appeared on the record and could be addressed in defendant's pending appeal (*see* CPL 440.10 [2] [b]), and defendant's conclusory and vague allegations in his motion papers were inadequate to raise an issue (*see People v Hickey,* 277 AD2d 511, 512 [2000], *lv denied* 95 NY2d 964 [2000]; *People v Shamblee,* 222 AD2d 834, 835 [1995], *lv denied* 88 NY2d 994 [1996]). Defendant stated at the plea allocution that he had sufficient time to discuss the matter with counsel, he was satisfied with counsel's services, he was pleading of his own free will and no one coerced his plea. As such, the record was adequate for County Court to deny the motion without a hearing.

Defendant also alleges ineffective assistance of counsel. Any claim of ineffectiveness of his first trial attorney was forfeited by his plea after consultation with his second counsel, who was aware of the alleged deficiencies of original counsel (*see People v Ireland,* 274 AD2d 743, 744 [2000], *lv denied* 95 NY2d 965 [2000]). Second counsel provided meaningful representation by making discovery motions, requesting a bill of particulars, moving to suppress statements, requesting hearings, and obtaining a favorable plea bargain (*see People v Nieves,* 302 AD2d 625, 626 [2003]; *People v Powell,* 299 AD2d 574, 575 [2002]).

Defendant's contention that he was improperly sentenced as a second felony offender must also fail. County Court must "ask [the defendant] whether he [or she] wishes to controvert any allegation" in the second felony offender statement (CPL 400.21 [3]). The People provided the required statement to defense counsel several days before sentencing. When defendant denied any knowledge sufficient to form a belief as to his prior conviction, the People presented defendant and the court with a certificate of conviction for the predicate felony after which the court inquired of defendant whether there was anything he wished to say. Defendant never indicated, including in his CPL article 440 motion papers or on appeal, that he was not the individual convicted of the predicate felony, nor that there was any constitutional infirmity to that conviction. In fact, the court noted several times during the plea colloquy that the sentence would be based on defendant's status as a second felony offender, with no protestation by defendant. Although the court never used the word "controvert" after reciting the substance of the certificate of conviction, the court substantially complied with the statute by inquiring of defen-

dant whether there was anything he wished to say (*see* CPL 400.21; *People v Booker,* 280 AD2d 785, 786 [2001], *lv denied* 96 NY2d 916 [2001]). Accordingly, sentence was properly imposed.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment and order are affirmed.