■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND KYZER, JR., Appellant. [801 NYS2d 439]—

Rose, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered August 9, 2002, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was charged in an 11-count indictment with various crimes arising from his inappropriate sexual conduct involving two children under the age of 12. Subsequently, County Court dismissed counts 3, 7, 8, 9, 10 and 11 and reduced count 4, leaving defendant charged with sexual abuse in the first degree (two counts), possession of a sexual performance of a child and endangering the welfare of a child (two counts). Ultimately, defendant was permitted to enter an *Alford* plea of one count of sexual abuse in the first degree in full satisfaction of the indictment with an agreed-upon sentence of seven years in prison, to run concurrent with defendant's federal prison sentence. Additionally, the People agreed not to present any further charges to the grand jury based upon the same investigation which had resulted in the present indictment. Prior to sentencing, defendant requested that he be permitted to withdraw his plea, asserting that a conflict of interest had prevented his counsel from adequately representing him. County Court assigned new counsel to review the evidence and assess defendant's position. Counsel found no basis upon which to make a motion to withdraw the plea and County Court proceeded with sentencing. Defendant now appeals.

Defendant contends that his plea was rendered involuntary due to his new counsel's conclusion that there were no nonfrivolous grounds upon which to move to withdraw it. We disagree. The record reflects that defendant's *Alford* plea was the product of a voluntary, rational and informed choice (*see People v Stewart*, 307 AD2d 533, 534 [2003]; *People v Ruger*, 279 AD2d 795, 796 [2001], *lv denied* 96 NY2d 806 [2001]). The record indicates that defendant's original counsel discussed his assessment of the evidence with defendant and defendant agreed that the evidence against him was so substantial that he had no defense which would prevail at trial. Additionally, the People stated on the record the nature and extent of the proof, which included defendant's own incriminating statements and the testimony of the victim and her brother. Moreover, defendant acknowledged on the record that the case against him was compelling, even in the absence of evidence upon which County

Court had not yet made an admissibility ruling. Finally, defendant was informed of the ramifications of entering the plea and affirmed that he understood the rights that he was relinquishing and he had not been threatened or coerced into entering the plea (*see People v Williams,* 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Stewart, supra* at 534).

Defendant's argument that he was denied the effective assistance of counsel because his original counsel had previously represented his former wife on unrelated charges is also unavailing. Defendant has not shown that this potential conflict affected, operated on or bore a substantial relationship to the conduct of the representation (*see People v Ortiz,* 76 NY2d 652, 656-657 [1990]; *People v McLean,* 243 AD2d 756, 757 [1997], *lv denied* 91 NY2d 928 [1998]; *People v Trichilo,* 230 AD2d 926, 930 [1996], *lv denied* 89 NY2d 931 [1996]). Moreover, the record reflects that defendant received meaningful representation (*see People v Flores,* 84 NY2d 184, 187 [1994]). Counsel made appropriate pretrial motions, waged a successful omnibus motion to have many of the charges against defendant dismissed, was able to obtain rulings suppressing certain evidence sought to be used by the People against defendant and negotiated a very favorable plea agreement on behalf of defendant (*see People v Baptiste,* 306 AD2d 562, 569 [2003], *lv denied* 1 NY3d 594 [2004]; *People v McLean, supra* at 758).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.