■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERB A. MATTHIE, SR., Appellant. [824 NYS2d 454]—

Mercure, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered April 19, 2005, convicting defendant upon his plea of guilty of the crime of incest, and (2) from an order of said court, entered April 20, 2005, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant was arrested in March 2004, after his adopted daughter alleged that he had sexually abused her. According to the victim, the abuse began in June 2003, when the victim was 13 years old, and escalated from inappropriate touching to sexual intercourse over the course of the following nine months. Defendant was charged in an indictment with one count of rape in the second degree, one count of a criminal sexual act in the second degree and three counts of sexual abuse in the second degree. Without admitting guilt, he entered an *Alford* plea to incest (*see* Penal Law § 255.25) in full satisfaction of the indictment. County Court denied defendant's subsequent motion to vacate the plea on the ground that it was involuntarily entered, and sentenced defendant, in accord with the plea agreement, to 10 years probation and classified him as a risk level II sex offender. Defendant appeals and we now affirm.

Defendant challenges the validity of his plea, asserting both that the plea was involuntarily made and that the factual allocution was insufficient, and argues that County Court erred in denying his motion to withdraw the plea.[1] With respect to defendant's claims of voluntariness, we note that County Court adequately informed defendant of the penalties that he faced if convicted of the crimes charged in the indictment and explained that if his plea was accepted, he would be sentenced to probation and required to register as a sex offender. The court also confirmed that defendant had discussed the terms of the plea agreement with his attorney, had sufficient time to consider the offer, had not been threatened by anyone, was not under the

---

1. Defendant's purported waiver of the right to appeal does not foreclose his claims. Such a waiver does not encompass a challenge to the voluntariness of a plea (*see e.g. People v Tausinger*, 21 AD3d 1181, 1182 [2005]; *People v Ebert*, 15 AD3d 781, 782 [2005]). While a challenge to the sufficiency of the allocution falls within a waiver of the right to appeal, defendant's waiver herein is not valid inasmuch as County Court failed to inquire into whether defendant understood that he was waiving the right to appeal, and defendant did not sign a written waiver (*see People v Lopez*, 6 NY3d 248, 255-257 [2006]; *People v Cain*, 29 AD3d 1157, 1157 [2006]).

influence of drugs or alcohol and had no medical condition that would interfere with his ability to make a reasoned decision. In addition, the court recited the specifics of the crime to which he pleaded and discussed the meaning of an *Alford* plea in that context, acknowledging that defendant had not admitted to committing the crime but, after consideration of the consequences and likelihood of conviction, was entering a plea to the crime of incest. Inasmuch as the plea colloquy establishes that defendant's *Alford* plea was "the product of a voluntary and rational choice, and the record before the court contain[ed] strong evidence of actual guilt," we cannot say that County Court abused its discretion in denying his motion to vacate the plea (*Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]; *see People v Kyzer*, 21 AD3d 1212, 1213-1214 [2005]; *People v Tausinger*, 21 AD3d 1181, 1182-1183 [2005]; *People v Stewart*, 307 AD2d 533, 534 [2003]).

Defendant also challenges the sufficiency of the allocution, asserting that the underlying facts did not establish the crime of incest as it was defined by statute at the time he entered his plea. The relevant version of Penal Law § 255.25 provided that "[a] person is guilty of incest when he or she . . . engages in sexual intercourse . . . with a person whom he or she knows to be related to him or her, either legitimately or out of wedlock, as an ancestor, descendant, brother or sister of either the whole or the half blood, uncle, aunt, nephew or niece." Defendant argues that former section 255.25 was inapplicable here because the victim was his adopted, as opposed to his biological, child. This argument is not preserved for our review because defendant failed to raise it in his motion to vacate the plea and nothing in defendant's recitation of the facts before County Court negated this purported essential element—a biological relationship—of the crime or otherwise rendered the allocution insufficient such that the narrow exception to the preservation doctrine is applicable here (*see People v Lopez*, 71 NY2d 662, 666-667 [1988]; *People v Paige*, 24 AD3d 895, 896 [2005], *lv denied* 6 NY3d 851 [2006]; *see generally Matter of Silmon v Travis, supra* at 474 n 1). Moreover, under the circumstances, we decline to reverse as a matter of discretion in the interest of justice (*see* CPL 470.15 [6]).

It is well settled that "a defendant may plead guilty to a crime for which there is no factual basis and even plead guilty to a hypothetical crime" (*People v Keizer*, 100 NY2d 114, 118 n 2 [2003]). Indeed, pleas of guilty to nonexistent crimes in satisfaction of indictments charging crimes carrying heavier penalties have long been upheld on the rationale that the defendants

" 'induced the proceeding[s] of which [they] complain[]' by a failure to object" (*People v Ford*, 62 NY2d 275, 283 [1984], quoting *People v Foster*, 19 NY2d 150, 153 [1967]). In any event, although there is some support for defendant's interpretation of Penal Law former § 255.25 among cases addressing an analogous provision of the Domestic Relations Law (*see* Domestic Relations Law § 5; *Matter of Anonymous*, 106 Misc 2d 792, 798 [1981]; *Matter of Bagnardi v Hartnett*, 81 Misc 2d 323, 324-325 [1975]), it remains an open question whether, under the relevant versions of the Penal Law and Domestic Relations Law, sexual contact between family members whose relationships were formed by adoption falls within the scope of the statutory incest prohibition (*see* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 5, at 22-23; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 255.25, at 16; *cf. People v Folsom*, 268 App Div 350, 351 [1944] [decided under earlier version of the statute, which spoke in terms of degrees of "consanguinity"]).[2] In our view, this uncertainty in the law is "a factor to which the parties to plea bargaining need not be taken to be oblivious" and, in light of the strong evidence that defendant sexually abused the victim and the absence of a showing that the plea was other than voluntary and rational, "the fact that a loophole might have been available to defendant is not sufficient grounds upon which to set aside the bargain made" (*People v Francis*, 38 NY2d 150, 155-156 [1975] [upholding plea to attempted criminal possession of weapon despite uncertainty whether "place of business" exception applied]).

Finally, we reject defendant's argument that his sex offender risk assessment score should have been reduced because, in agreeing to an *Alford* plea, he took measures to accept responsibility for his crime. An *Alford* plea does not entail an admission of culpability and, thus, may properly be treated as a refusal to accept responsibility for certain purposes (*see Matter of Silmon v Travis, supra* at 474-477). Furthermore, defendant moved to vacate his plea and, since then, has consistently maintained that he is innocent. Thus, County Court did not err in determining that defendant has not sincerely accepted responsibility for his actions (*see People v Walker*, 15 AD3d 692, 692-693 [2005]; *People v Mitchell*, 300 AD2d 377, 377-378 [2002], *lv denied* 99 NY2d 510 [2003]).

---

**2.** Indeed, we note that the statute was recently amended, effective November 1, 2006, to provide, among other things, that the relationship between the defendant and the victim be "through marriage or not" (L 2006, ch 320, §§ 1, 30). Defendant adopted the victim here following his marriage to the victim's mother.

Defendant's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is affirmed, without costs.