■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA N. ROSE, Appellant. [837 NYS2d 440]—

Mugglin, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered May 9, 2006, convicting defendant upon her plea of guilty of the crime of criminally negligent homicide.

Defendant entered a plea of guilty to the sole count of an indictment charging her with criminally negligent homicide for her role in the death of her three-year-old daughter, and defendant also waived her right to appeal. As part of the plea bargain, the People agreed to recommend a sentence of 90 days in jail and five years of probation in return for defendant's cooperation in testifying at the trial of her boyfriend, James Smith, the individual who allegedly inflicted the fatal injuries on the child while defendant was at work. Following Smith's conviction, the People urged that defendant had violated the plea bargain agreement by refusing to answer certain questions and asserting her Fifth Amendment rights when called as a witness at Smith's trial. County Court, without a hearing, sentenced defendant to 1⅓ to 4 years in prison. Defendant appeals.

We first address defendant's contention that her waiver of the

right to appeal was invalid. Such a waiver is valid only if the record establishes "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Here, County Court gave separate explanations of the rights that defendant automatically forfeited by entering a plea of guilty and the waiver of the right to appeal, explaining in detail to defendant the right to appeal and the effect of her waiver. Therefore, we find no merit to this argument.

Next, defendant contends that County Court should not have accepted her guilty plea because her factual recitation during the plea colloquy casts significant doubt upon her guilt. However, defendant's valid waiver of the right to appeal encompassed her challenge to the factual sufficiency of her plea allocution (*see People v Matthie*, 34 AD3d 987, 988 n 1 [2006], *lvs denied* 8 NY3d 805, 847 [2007]). In addition, defendant has failed to preserve this challenge as she did not move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Pagan*, 36 AD3d 1163, 1164 [2007]; *People v Matthie, supra* at 989). Moreover, the exception to the preservation rule is inapplicable as nothing in the plea colloquy casts significant doubt either on defendant's guilt or the voluntariness of her plea (*see People v Lopez*, 71 NY2d 662, 666 [1988], *supra*; *People v Pagan, supra* at 1164; *People v Campbell*, 29 AD3d 1083, 1084 [2006], *lv denied* 7 NY3d 786 [2006]). Defendant, in failing to seek medical assistance for approximately 10 hours for her unresponsive child (*see People v Henson*, 33 NY2d 63, 69 [1973]; *People v Baker*, 4 AD3d 606, 613 [2004], *lvs denied* 2 NY3d 795 [2004]; *People v Manon*, 226 AD2d 774, 776 [1996], *lv denied* 88 NY2d 1022 [1996]), clearly failed to act as a reasonable parent (*see People v Henson, supra* at 69; *People v Manon, supra* at 776; *People v Northrup*, 83 AD2d 737, 738 [1981]; *compare People v Goddard*, 206 AD2d 653, 655 [1994]).

Finally, defendant's present protestations regarding the effective assistance of her attorney are precluded by her valid waiver of the right to appeal (*see People v Scott*, 31 AD3d 816, 817 [2006]; *People v Porter*, 300 AD2d 698, 699 [2002], *lv denied* 100 NY2d 541 [2003]), and are unpreserved given her failure to move to withdraw her plea of guilty or to seek vacatur of the judgment of conviction (*see People v Mabry*, 27 AD3d 835, 837 [2006]; *People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]). In any event, we are unpersuaded that defendant received less than meaningful representation. In support of the claim of ineffective assistance of counsel, defendant

now points to the failure of her attorney to pursue a motion to dismiss the indictment and to request a hearing at sentencing with respect to her compliance with the plea bargain agreement. First, in the omnibus motion, defendant's attorney did seek dismissal of the indictment, stipulating that any decision be reserved pending discovery. This motion was rendered moot by defendant's decision to enter a plea of guilty. Second, a hearing with respect to defendant's cooperation under the plea bargain agreement was rendered unnecessary by the absence of any reasonable explanation for her performance at Smith's trial before the same judge. Moreover, since the adequacy of counsel's total performance revealed meaningful representation, minor strategic errors by counsel are insufficient to constitute ineffective assistance (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Perea*, 27 AD3d 960, 961 [2006]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.