■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. MORELLI, Appellant. [847 NYS2d 789]—

Kane, J. Appeal from a judgment of the County Court of Chenango County (Daley, J.), rendered June 1, 2006, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree, burglary in the first degree (two counts), assault in the second degree and criminal mischief in the third degree.

In September 2005, while an order of protection existed in favor of defendant's girlfriend, defendant choked her and caused

her injury. Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging him with, among other things, criminal contempt in the first degree. Despite the issuance of a new stay-away order of protection, in October 2005 defendant forcibly entered his girlfriend's home with a crowbar, injured her and resisted arrest. This incident led to an indictment charging defendant with, among other things, burglary in the first degree (two counts), assault in the second degree and criminal mischief in the third degree. The People successfully moved to have the SCI and indictment consolidated. Defendant entered an *Alford* plea to the SCI's charge of criminal contempt in the first degree and the felony charges in the indictment, in response to an offer of a determinate prison sentence between 5 and 10 years plus postrelease supervision, with a waiver of the right to appeal. County Court imposed an aggregate prison sentence of $9^1/_2$ years with five years of postrelease supervision. Defendant appeals.

By not moving to withdraw his plea or vacate the judgment of conviction, defendant did not preserve his arguments that his waiver of appeal was either involuntary, unknowing, or coerced (*see People v Wright*, 34 AD3d 940, 940 [2006], *lv denied* 8 NY3d 886 [2007]; *People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *People v Coppaway*, 281 AD2d 754 [2001]), or that his *Alford* plea was not supported by sufficient record proof (*see People v Lopez*, 33 AD3d 1062 [2006], *lv denied* 8 NY3d 847 [2007]; *People v Spulka*, 285 AD2d 840, 840 [2001], *lv denied* 97 NY2d 643 [2001]). In any event, County Court discussed with defendant the strong evidence against him, the likelihood of conviction based on that evidence and the benefits of the plea offers, such that defendant's *Alford* plea was supported by the record (*see People v Spulka*, 285 AD2d at 841). Advising defendant of the potential maximum sentence, along with an evaluation of the evidence based upon the court file and defendant's acknowledgment of certain facts, did not constitute coercion to induce defendant's guilty plea (*see People v Lambe*, 282 AD2d 776, 777 [2001]; *Britt v State of New York*, 260 AD2d 6, 12-13 [1999], *lv denied* 95 NY2d 753 [2000]). The court painstakingly explained to defendant that, in addition to proceeding to trial, two offers were available: one resulting in a 10-year sentence and preserving his right to appeal, and the other with a sentence somewhere between 5 and 10 years, but requiring a waiver of appeal. Defendant knowingly and voluntarily chose the option that permitted him to receive a lesser sentence in exchange for his waiver of the right to appeal, acknowledging his waiver orally on the record and in writing.

Defendant's valid appeal waiver precludes any arguments

that do not address County Court's jurisdiction or defendant's constitutional rights. These nonjurisdictional, nonconstitutional arguments include his claims that the court improperly consolidated the SCI and the indictment (*see People v Loyd*, 28 AD3d 872 [2006], *lv denied* 7 NY3d 758 [2006]), the District Attorney's office should have been disqualified (*see People v Allen*, 236 AD2d 653, 653-654 [1997]; *People v Clute*, 226 AD2d 824 [1996], *lv denied* 88 NY2d 1020 [1996]), the court should have granted defendant's recusal motion (*see People v Castricone*, 19 AD3d 1101 [2005]; *People v McCafferty*, 1 AD3d 799, 799 [2003], *lv denied* 2 NY3d 743 [2004]; *People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]), and the sentence imposed was harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]). Similarly, defendant's appeal waiver precludes his allegation of ineffective assistance of counsel, except to the extent that it relates to the voluntariness of his plea; to the limited extent that it survives the waiver, defendant failed to preserve this claim by moving to withdraw the plea or vacate the judgment of conviction (*see People v Morgan*, 39 AD3d 889, 890 [2007], *lv denied* 9 NY3d 848 [2007]; *People v Bier*, 307 AD2d 649, 650 [2003], *lv denied* 100 NY2d 618 [2003]). In any event, defendant failed to demonstrate good cause for a substitution of counsel and his assigned attorney skillfully represented defendant's interests (*see People v Linares*, 2 NY3d 507, 510-512 [2004]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.