■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WASHINGTON, Appellant. [858 NYS2d 434]—

Rose, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered August 15, 2006, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, an inmate, was charged in a three-count indictment for striking two corrections officers in the head. In full satisfaction of the indictment, defendant entered an *Alford* plea to one count of assault in the second degree. Prior to sentencing, defendant made an oral motion to withdraw his plea. County Court denied the motion and sentenced defendant, pursuant to the plea agreement, as a second felony offender to a prison term of three years, to run consecutive to his current term of imprisonment, followed by five years of postrelease supervision. Defendant now appeals.

Defendant's sole contention on appeal is that County Court erred in not allowing him to withdraw his *Alford* plea inasmuch as there is evidence of his innocence. An *Alford* plea may only be allowed when it is the product of a voluntary and rational

choice and there is strong evidence of defendant's guilt before the court (see *Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]; *People v Matthie*, 34 AD3d 987, 989 [2006], *lvs denied* 8 NY3d 805, 847 [2007]). We are satisfied that defendant's plea was a voluntary and rational choice among alternative courses of action, as he indicated that he understood County Court's detailed explanation of the consequences of pleading guilty and he entered the plea to avoid exposure to a longer prison sentence at trial (see *People v Cash*, 19 AD3d 934, 935 [2005], *lv denied* 5 NY3d 804 [2005]; *People v Ruger*, 279 AD2d 795, 796-797 [2001], *lv denied* 96 NY2d 806 [2001]). Furthermore, defendant's claim that there is evidence of his innocence is limited to statements he made at the plea allocution and sentencing. However, "[p]rotestations of innocence do not preclude the court from accepting an *Alford* plea" (*People v Stewart*, 307 AD2d 533, 534 [2003]). Insofar as we find that County Court's review of the grand jury minutes prior to defendant's plea established a basis for finding strong record evidence of his actual guilt, the denial of his motion to withdraw his plea was not an abuse of discretion (see *People v Ebert*, 15 AD3d 781, 782 [2005]; *People v Spulka*, 285 AD2d 840, 841 [2001], *lv denied* 97 NY2d 643 [2001]).

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.