■ The People of the State of New York, Respondent, v Richard Motz, Appellant. [859 NYS2d 531]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 27, 2006, convicting defendant upon his plea of guilty of the crimes of course of sexual conduct against a child in the first degree, rape in the first degree (two counts) and rape in the second degree.

Defendant executed a waiver of appeal and pleaded guilty to the crimes of course of sexual conduct against a child in the first degree, rape in the first degree (two counts) and rape in the second degree, in full satisfaction of a 27-count indictment that charged him with having repeatedly sexually assaulted a victim who, when the attacks began, was nine years old. In accordance with the plea agreement, defendant was sentenced to a prison term of 12 years, plus five years of postrelease supervision for his convictions of course of sexual conduct against a child and rape in the first degree, to run concurrently with a prison term of 2 1/3 to 7 years for his conviction of rape in the second degree. Defendant now appeals from the judgment of conviction.

Defendant argues that count one of the indictment charging course of sexual conduct against a child in the first degree was

jurisdictionally defective because it failed to allege all of the material elements that make up that crime. Initially, we disagree with the People's argument that because defendant pleaded guilty, this claim has not been preserved. If an indictment fails to allege all of the material elements of the crime charged, it is jurisdictionally defective and such a claim survives a defendant's guilty plea and appeal waiver (*see People v Casey*, 95 NY2d 354, 363-364 [2000]; *People v Place*, 50 AD3d 1313, 1314 [2008]). However, we find defendant's claims in this regard to be without merit. An indictment satisfies the pleading requirements of the Criminal Procedure Law if it alleges each material element of the crime charged and, as worded, provides the defendant with sufficient information to adequately inform him or her of the conduct that constitutes the offense so that the defendant may prepare a defense (*see* CPL 200.50 [7] [a]; *People v Ray*, 71 NY2d 849, 850 [1988]; *People v Iannone*, 45 NY2d 589, 600-601 [1978]; *People v Welch*, 46 AD3d 1228, 1229 [2007]; *People v Lanfair*, 18 AD3d 1032, 1033 [2005], *lv denied* 5 NY3d 790 [2005]). Here, defendant claims that the indictment only alleges that the course of sexual conduct occurred between October 1, 2001 and December 31, 2001 and that this allegation does not satisfy the element that the conduct occurred "over a period of time not less than three months in duration" (Penal Law § 130.75 [1]). However, the indictment actually alleged that defendant engaged in two or more acts of sexual conduct with a child less than 13 years of age "[b]etween October 1, 2001 and December 31, 2001 . . . . over a period of time not less than three months in duration." As worded, the indictment sets forth a time period that is not less than three months in duration and, thus, alleges each element of the crime of course of sexual conduct against a child in the first degree.

Defendant also contends that his plea allocution was not intelligently made and in fact was the result of coercion exerted by County Court. Specifically, defendant argues that he was mentally incompetent when he entered his guilty plea, and that his conduct before the court, as reflected by the record, supports that conclusion. On his initial appearance, defense counsel requested, and the court ordered, that a CPL article 730 psychiatric examination be performed to determine defendant's competence to proceed (*compare People v Armstrong*, 49 AD3d 960 [2008]). Reports were subsequently filed with the court by two psychiatrists who examined defendant, and each concluded that defendant was mentally competent. After this finding was confirmed by County Court without objection, counsel for defendant informed the court that defendant wished to enter a negotiated plea. When the court performed an initial inquiry of

defendant in connection with the guilty plea, defendant, at times, provided inconsistent and unresponsive answers to its questions and, as a result, the court stated that it would not accept defendant's guilty plea and ordered the matter set down for trial.*

After a short recess, defendant, in the presence of counsel, reiterated his desire to enter a guilty plea. At that time, County Court explained to defendant that he had a right to a trial, he was entitled to the benefit of the presumption of innocence and, for there to be a conviction, his guilt had to be proven by the People beyond a reasonable doubt. Defendant responded that he understood these rights, wanted to forgo them and was prepared, after conferring with counsel, to enter a guilty plea. He admitted to sexually assaulting his victim, confirmed that he was not being forced or coerced into entering a guilty plea and stated that the only promise that had been made to him was the term of the sentence that would be imposed for his conviction. This allocution, coupled with the results of the court ordered psychiatric examination, established that defendant knowingly, intelligently, and voluntarily entered his guilty plea (*see People v Perry*, 50 AD3d 1244, 1245 [2008]; *People v Stokely*, 49 AD3d 966, 968 [2008]; *People v Parara*, 46 AD3d 936, 937 [2007]; *People v Mears*, 16 AD3d 917, 918 [2005]; *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]; *People v D'Adamo*, 293 AD2d 869, 870-871 [2002], *lv denied* 98 NY2d 730 [2002]).

Nor do we agree that defendant's waiver of his right to appeal was invalid. After being advised that, as part of the negotiated plea, he was giving up his right to appeal, defendant executed a written waiver which described in detail his appellate rights and he affirmed that he was relinquishing this right only after he had conferred with counsel (*see People v Stokely*, 49 AD3d at 967-968; *People v Lewis*, 48 AD3d 880, 881 [2008]; *People v Conway*, 45 AD3d 1055, 1056 [2007], *lv denied* 10 NY3d 763 [2008]; *People v Romano*, 45 AD3d 910, 914 [2007], *lv denied* 10 NY3d 770 [2008]). Furthermore, such a valid waiver of his right to appeal precludes defendant from now challenging the factual sufficiency of his plea allocution (*see People v Turner*, 27 AD3d 962, 963 [2006]).

Finally, defendant claims that his counsel was ineffective for not moving to dismiss numerous counts contained in the indictment as duplicitous and by not requesting that a hearing be

* Defendant twice stated his age incorrectly, was unable to remember where he had been working before he had been arrested and, when asked whether he understood the plea agreement, responded, "Mom said to listen to this man."

held to challenge the conclusion that he was mentally competent, and, thus, able to proceed. Initially, we note that defendant cannot make these claims as a result of his decision to waive his right to appeal and that written waiver specifically stated that defendant was waiving his right to raise any claims of ineffective assistance of counsel (*see People v Stokely*, 49 AD3d at 968; *People v Morelli*, 46 AD3d 1215, 1217 [2007], *lv denied* 10 NY3d 814 [2008]; *People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]). In any event, defendant's counsel made appropriate discovery demands and an omnibus motion on defendant's behalf and ultimately negotiated a plea agreement which significantly reduced his potential sentence. As such, counsel provided meaningful and effective representation (*see People v Rose*, 41 AD3d 1033, 1035 [2007], *lv denied* 9 NY3d 926 [2007]).

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.