■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC D. RYAN, Appellant. [872 NYS2d 249]—

Malone Jr., J. Appeal from a judgment of the County Court of Franklin County (Rogers, J.), rendered March 21, 2008, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant agreed to plead guilty to attempted assault in the second degree in satisfaction of a four-count indictment. Under the terms of the plea agreement, he waived his right to appeal and was to receive a sentence of 1 to 3 years in prison. During the plea colloquy, defendant denied striking the victim, but admitted that he wished to plead guilty to the crime in order to minimize his prison exposure. County Court accepted defendant's guilty plea. At sentencing, however, defendant moved to withdraw the plea contending that his allocution was factually insufficient. County Court denied the motion and sentenced defendant to the agreed-upon term of imprisonment. Defendant now appeals.

Preliminarily, we note that although defendant's challenge to the factual sufficiency of his plea is precluded by his valid waiver of the right to appeal (*see People v Sinclair*, 48 AD3d 974, 974 [2008]; *People v Feller*, 25 AD3d 881 [2006], *lv denied* 6 NY3d 812 [2006]), his claim that the plea was involuntary both survives such waiver and is preserved for our review by virtue of his motion to withdraw his plea (*see People v Quinones*, 51 AD3d 1226, 1227 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Lee*, 34 AD3d 982 [2006]). Turning to the merits, the record reflects that after defendant initially denied striking the victim, County Court questioned him further and ultimately elicited what the parties characterize as an *Alford* plea. Defendant contends that such plea was involuntary and that he failed to appreciate that his responses to County Court's inquiries would, in fact, constitute a plea of guilty.

Significantly, we have recognized that "[a]n *Alford* plea may only be allowed when it is the product of a voluntary and rational choice and there is strong evidence of defendant's guilt

before the court" (*People v Washington*, 51 AD3d 1223, 1223-1224 [2008]; *see Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]; *People v Matthie*, 34 AD3d 987, 989 [2006], *lvs denied* 8 NY3d 805, 847 [2007]). Here, the record establishes that, during the plea colloquy, an *Alford* plea was never mentioned by either the parties or County Court. In fact, after defendant denied striking the victim and the court began questioning him, it does not appear that defendant realized that his responses were being considered by the court as part of a guilty plea. Indeed, defendant expressed confusion during the court's questioning. On the record before us, we cannot conclude that defendant made a voluntary and rational choice to enter an *Alford* plea. Therefore, we find that County Court abused its discretion in denying defendant's motion to withdraw his plea (*cf. People v Washington, supra; People v Matthie*, 34 AD3d at 989).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, motion granted and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.