▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HADJI S. HILL, Appellant. [885 NYS2d 835]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered April 12, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his plea was not knowingly, voluntarily or intelligently entered because, during the plea colloquy, he raised a possible justification defense and negated the intent element of the crime. Even assuming, arguendo, that defendant preserved those contentions for our review by his pro se motion to withdraw the plea, we conclude that they are lacking in merit. First, we conclude that County Court

conducted the requisite further inquiry to ensure that "there was no possibility of a justification defense" (*People v Lopez*, 71 NY2d 662, 668 [1988]; *see People v Winchester*, 38 AD3d 1336, 1337 [2007], *lv denied* 9 NY3d 853 [2007]). Second, with respect to the contention of defendant that he negated the intent element of the crime during the plea colloquy, we note that, when defendant failed to admit that he intended to cause the victim to sustain a serious physical injury, the court conducted what was in effect a limited *Alford* colloquy with respect to the intent element, thus rendering unnecessary an admission of intent by defendant. The People marshaled the evidence concerning defendant's intent to cause serious physical injury, defendant acknowledged that evidence, and then voluntarily entered the plea. " '[A]n *Alford* plea may only be allowed when it is the product of a voluntary and rational choice and. there is strong evidence of defendant's guilt before the court' " (*People v Ryan*, 59 AD3d 751, 751-752 [2009]). Here, although the plea was not expressly characterized as an *Alford* plea, both of those conditions were met in this case, and it cannot be said that defendant "failed to appreciate that his responses to County Court's inquiries would, in fact, constitute a plea of guilty" (*id.* at 751; *see generally Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]; *People v Spulka,* 285 AD2d 840, 841 [2001], *lv denied* 97 NY2d 643 [2001]; *People v Davis*, 197 AD2d 921 [1993], *lv denied* 82 NY2d 848 [1993]). Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.