People v Roosevelt (2019 NY Slip Op 00932)





People v Roosevelt


2019 NY Slip Op 00932


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

109072

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SCOTT D. ROOSEVELT, Appellant.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Teresa Meade, Middleburgh, for appellant.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schoharie County (Tailleur, J.), rendered August 3, 2016, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.
Defendant was charged by indictment with the crimes of course of sexual conduct against a child in the first degree, rape in the first degree, rape in the second degree, criminal sexual act in the second degree (two counts) and endangering the welfare of a child (three counts). At arraignment, the County Court Judge (Bartlett III, J.) informed everyone that he played golf with defense counsel periodically and, although given an opportunity, defendant raised no objection to Judge Bartlett presiding over the matter. Defendant ultimately entered an Alford plea to course of sexual conduct against a child in the first degree in full satisfaction of the indictment and waived the right to appeal.
Prior to sentencing, defendant obtained new counsel and moved to withdraw his plea. Judge Bartlett thereafter recused himself and County Court (Tailleur, J.) denied the motion without a hearing. The court thereafter imposed the agreed-upon sentence of nine years in prison, to be followed by 20 years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that County Court erred in denying his motion to withdraw his plea without first conducting an evidentiary hearing. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Farnsworth, 140 AD3d 1538, 1539 [2016] [internal quotation marks and citations omitted]; see People v Arnold, 102 AD3d 1061, 1062 [2013]). "The nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court and only in the rare instance will a [*2]defendant be entitled to an evidentiary hearing" (People v Riddick, 136 AD3d 1124, 1024 [2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 1154 [2016]; see People v Pittman, 104 AD3d 1027, 1027 [2013], lvs denied 21 NY3d 1008 [2013]). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; accord People v Sweat, 157 AD3d 1062, 1063 [2018], lv denied 31 NY3d 1122 [2018]).
Here, defendant entered an Alford plea, affirming during the plea colloquy that he understood the rights that he was giving up as a result of the guilty plea, that he discussed the matter fully with counsel and was satisfied with counsel's services, that he had sufficient time to consider the offer, that he had not been forced, threatened or pressured into entering the plea, that he believed there was sufficient evidence to convict him at trial and that he was entering the plea to avoid being exposed to more prison time in the likelihood of a conviction. Defendant's contention that his first counsel's relationship with Judge Bartlett and the Judge's recusal following the filing of the motion to withdraw the plea necessitated an evidentiary hearing on his motion to withdraw his plea is without merit. The record reflects that defendant did not object to Judge Bartlett presiding over the matter when informed of the relationship with counsel, and there is no evidence in the record that the relationship, or the Judge's recusal after the plea, impacted the voluntariness of the plea so as to require a hearing. Further, defendant's unsupported claim that an employee of his first counsel is distantly related to the victim and had defendant known this he would have asked for new counsel does not, in our view, present a genuine issue of fact as to the voluntariness of the plea. Inasmuch as defendant has not provided evidence supporting a claim of innocence, fraud or mistake in the plea's inducement and our review of the record establishes that the plea was the result of a voluntary, rational and informed choice (see People v Morehouse, 140 AD3d 1202, 1203 [2016], lv denied 28 NY3d 934 [2016]; People v Kyzer, 21 AD3d 1212, 1213-1214 [2005]), County Court's denial of defendant's motion to withdraw the plea without holding an evidentiary hearing was not an abuse of discretion (see People v Woods, 158 AD3d 900, 900 [2018], lv denied 31 NY3d 1154 [2018]; People v Ross, 182 AD2d 1022, 1024 [1992], lv dismissed 80 NY2d 934 [1992]). Defendant's remaining contention has been considered and is without merit.
Lynch, J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.