People v Vittengl (2022 NY Slip Op 01842)





People v Vittengl


2022 NY Slip Op 01842


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

110560 112711
[*1]The People of the State of New York, Respondent,
v
Michael Vittengl, Appellant.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Warren County (Hall Jr., J.), rendered May 9, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree, and (2) by permission, from an order of said court (Smith, J), entered February 1, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In May 2018, defendant pleaded guilty to criminal possession of stolen property in the third degree and received a split sentence of six months in jail and five years of probation. The plea agreement, which also encompassed other pending charges, required defendant to waive his right to appeal. Shortly thereafter, defendant was charged with violating certain terms and conditions of his probation. Pursuant to a negotiated disposition, defendant admitted the violations, and County Court (Hall Jr., J.) revoked defendant's probation and sentenced him to a prison term of 2 to 6 years. Upon appeal from the resulting October 2018 judgment, this Court affirmed, noting that defendant's discharge from prison and parole supervision in January 2020 rendered his challenge to the severity of his sentence moot (195 AD3d 1233 [2021]). In the interim, defendant appealed from the May 2018 judgment of conviction and moved to vacate such judgment pursuant to CPL 440.10 contending, among other things, that his plea was involuntary and that he received the ineffective assistance of counsel. County Court (Smith, J.) denied defendant's motion without a hearing, and these appeals — from the judgment of conviction and, by permission, from the denial of defendant's CPL 440.10 motion — ensued.
We affirm. Contrary to defendant's assertion, we find that he knowingly, intelligently and voluntarily waived his right to appeal. County Court (Hall Jr., J.) explained the separate and distinct nature of the right to appeal, and, following a discussion with counsel, defendant signed a written waiver in open court and confirmed his understanding thereof (see People v Hammond, 186 AD3d 1836, 1836 [2020]; People v White, 185 AD3d 1355, 1356 [2020], lv denied 36 NY3d 977 [2020]). To the extent that the written waiver contained overbroad language, it did not purport to erect an absolute bar to appellate review (compare People v Lunan, 196 AD3d 969, 969-970 [2021]; People v Winters, 196 AD3d 847, 848-849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]) and, during the oral colloquy with defendant, County Court reiterated that defendant was not completely forfeiting all of his appellate rights. Accordingly, and as we otherwise discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant's waiver of the right to appeal was valid (see People v Carter, 200 AD3d 1312, 1313 [2021]; People v Mirel, 194 AD3d 1198, 1199 [2021]).
Defendant's claim that County Court erred in accepting his Alford plea survives even [*2]a valid appeal waiver (see People v Fallen, 106 AD3d 1118, 1119 [2013], lv denied 22 NY3d 1156 [2014]), and we are persuaded that, under the particular facts of this case, such claim was not subject to the preservation requirement. County Court "sentenced defendant immediately following defendant's guilty plea and, therefore, defendant had no practical opportunity to move to withdraw his plea prior to sentencing" (People v Pace, 192 AD3d 1274, 1275 [2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 973 [2021]). That said, we find defendant's contention to be unpersuasive.
"An Alford plea, wherein the accused is permitted to enter a guilty plea without admitting culpability, may be allowed only where such plea 'is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt'" (People v Stewart, 307 AD2d 533, 534 [2003], quoting Matter of Silmon v Travis, 95 NY2d 470, 475 [2000] [citation omitted]; see People v Ture, 94 AD3d 1163, 1164 [2012], lv denied 19 NY3d 968 [2012]; People v Washington, 51 AD3d 1223, 1223-1224 [2008]). A defendant entering an Alford plea is not required to make a factual recitation of his or her guilt; rather, "the court may accept the plea if satisfied that there is a sufficient factual basis for the plea based on its review of the information before it" (People v Stewart, 307 AD2d at 534). Notably, "[p]rotestations of innocence do not preclude the court from accepting an Alford plea" (id.).
A review of the plea colloquy demonstrates that County Court apprised defendant of the rights that he would be forfeiting by pleading guilty, including the right to a jury trial, the right to be represented by counsel, the right to remain silent and the right to cross-examine the People's witnesses. In response, defendant assured the court that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services, that he had not been threatened, forced or otherwise pressured to accept the plea, that he was aware of the evidence against him, the strength of the People's case and any potential defenses and that he desired to enter an Alford plea in order to conclude the matter and avoid a potentially longer period of incarceration (see People v Roosevelt, 169 AD3d 1117, 1118 [2019]; People v Matthie, 34 AD3d 987, 989 [2006], lvs denied 8 NY3d 805, 847 [2007]; People v Stewart, 307 AD2d at 534). Defendant's assertion that he requested and was refused an adjournment so that he could further confer with counsel is belied by the plea colloquy, wherein defendant, when asked if he had been afforded sufficient time to discuss the plea with counsel, replied, "I have had too much time." As the record contains strong evidence of defendant's guilt and otherwise reflects that defendant's Alford plea "was a rational choice to limit the sentencing exposure had he gone to trial," we are satisfied that defendant's plea was knowing[*3], intelligent and voluntary (People v Stewart, 307 AD2d at 534; cf. People v Roosevelt, 169 AD3d at 1118; People v Matthie, 34 AD3d at 989).
With respect to defendant's CPL 440.10 motion, defendant's challenge to the voluntariness of his plea could have been — and indeed was — raised in the context of his direct appeal and, as such, is not properly the subject of a CPL article 440 motion (see CPL 440.10 [2] [b]; see generally People v Spradlin, 192 AD3d 1270, 1273 [2021], lv denied 37 NY3d 960 [2021]). "To the extent that defendant's motion to vacate is predicated upon his claim of actual innocence, 'we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt[y] after trial and defendant's plea of guilty therefore forecloses relief upon this ground'" (People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018], quoting People v DePerno, 148 AD3d 1463, 1464 [2017] [emphasis and brackets omitted], lv denied 29 NY3d 1030 [2017]; accord People v Crampton, 201 AD3d 1020, 1024 [2022]; see People v Larock, 139 AD3d 1241, 1243 [2016], lv denied 28 NY3d 932 [2016]). Finally, defendant's claim of ineffective assistance of counsel, which is premised upon counsel's asserted failure to adequately investigate the charge against defendant and/or explore possible defenses, is supported only by defendant's self-serving affidavit (see People v Marte-Feliz, 192 AD3d 1397, 1397-1398 [2021]; People v Vargas, 173 AD3d 1466, 1468 [2019], lv denied 34 NY3d 955 [2019]) and, in any event, is belied by defendant's statement during the plea colloquy, wherein he characterized counsel's services as "[b]etter than excellent." Under these circumstances, we do not find that County Court (Smith, J.) abused its discretion in denying defendant's motion to vacate the judgment of conviction without a hearing. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark and Fisher, JJ., concur.
ORDERED that the judgment and order are affirmed.