People v Drake (2023 NY Slip Op 03511)

People v Drake

2023 NY Slip Op 03511

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112310
[*1]The People of the State of New York, Respondent,
v
William Drake, Appellant.

Calendar Date:May 26, 2023

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Catherine A. Barber, Guilderland, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered January 23, 2020, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was indicted and charged with one count of promoting prison contraband in the first degree. In full satisfaction of that indictment, defendant agreed to plead guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years — to be served consecutively to the sentence he then was serving. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in accordance with the plea agreement, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. Contrary to defendant's assertion, we find that he knowingly, intelligently and voluntarily waived his right to appeal. County Court explained the separate and distinct nature of the waiver and advised defendant that he retained the right to appeal certain issues (see People v Ferretti, 209 AD3d 1173, 1173 [3d Dept 2022]; People v Rivera, 201 AD3d 1132, 1133 [3d Dept 2022]). After conferring with counsel, defendant executed a detailed written waiver in open court and advised the court that he had read the waiver, understood its contents and had no questions relative thereto (see People v Ferretti, 209 AD3d at 1174; People v Breithaupt, 171 AD3d 1311, 1312 [3d Dept 2019], lv denied 34 NY3d 979 [2019]). Although the written waiver contained some overbroad language, it also expressly delineated the appellate rights that were not encompassed by the waiver (see People v Ferretti, 209 AD3d at 1174; People v Vittengl, 203 AD3d 1390, 1391 [3d Dept 2022]). Inasmuch as the combined oral colloquy and written waiver made clear that some appellate review survived, we are satisfied that defendant validly waived his right to appeal (see id.). In light of the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Robinson, 213 AD3d 1002, 1003 [3d Dept 2023]).
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.