■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BIGGS, Appellant. [701 NYS2d 713] —Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 1, 1999, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

In November 1998, defendant, a prison inmate, was indicted by a Grand Jury with one count of promoting prison contraband in the first degree and three counts of attempted assault in the second degree. In January 1999, defendant pleaded guilty to one count of attempted assault in the second degree in full satisfaction of the four-count indictment. It is noted, however, that prior to entering his plea of guilty, defendant, a second felony offender, was informed that the recommended sentence would be 2 to 4 years in prison. Defendant agreed to this recommendation and was thereafter sentenced to 2 to 4 years in prison to run consecutively with the sentence he was currently serving. Defendant now contends that the sentence he received was harsh and excessive.

We disagree. The record reveals that the sentence defendant received was in full accordance with his plea agreement. Furthermore, a review of the record reveals no abuse of discretion on the part of County Court in sentencing defendant to a prison term within the statutory parameters, nor do any extraordinary circumstances exist that warrant modification (*see, People v Hicks*, 245 AD2d 979). These factors, together with defendant's prior criminal record, lead us to conclude that the sentence imposed was not harsh or excessive.

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.