(May 25, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMIREZ, Appellant. [709 NYS2d 453] —Spain, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered February 10, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged with promoting prison contraband in the first degree after he was discovered to be in possession of a hard back razor with a cloth handle. Thereafter, defendant agreed to plead guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years, to be served consecutively with the sentence he was then serving. During the plea colloquy, however, defendant sought permission to enter an *Alford* plea and County Court denied the request. Defendant pleaded guilty in accordance with the plea agreement and received the agreed-upon sentence, prompting this appeal.

Defendant's challenge to the validity of his guilty plea is not preserved for our review in light of defendant's failure to either move to withdraw his guilty plea or to vacate the judgment of conviction (*see, People v Moore*, 270 AD2d 715; *People v Milan*, 266 AD2d 730, *lv denied* 94 NY2d 882). Moreover, contrary to defendant's contention, the narrow exception to the preservation doctrine is not implicated by defendant's request for an *Alford* plea or the explanation for his possession of the razor, because neither cast significant doubt upon defendant's guilt or otherwise called into question the voluntariness of his plea (*see, People v Alicea*, 264 AD2d 900, 901, *lv denied* 94 NY2d 876; *People v McElhiney*, 237 AD2d 827, *lv denied* 90 NY2d 861).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.