■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANYELL SANDLIN, Appellant. [722 NYS2d 921] —Cardona, P. J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered July 20, 1999, convicting defendant upon his plea of guilty of the crimes of attempted promoting prison contraband in the first degree and attempted criminal possession of a weapon in the third degree.

Based upon his possession of a metal shank, defendant was charged with promoting prison contraband in the first degree and criminal possession of a weapon in the third degree. Defendant entered a counseled *Alford* plea to the reduced charges of attempted promoting prison contraband in the first degree and attempted criminal possession of a weapon in the third degree. As part of the plea agreement, he waived his right to appeal and was sentenced as a second felony offender to concurrent terms of imprisonment of 1½ to 3 years to run consecutively with his current sentence. Defendant appeals and we affirm.

Defendant contends that County Court erred in accepting his *Alford* plea, a claim which survives his waiver of the right to appeal at least to the extent that it involves the voluntariness of the plea (*see, People v Seaberg*, 74 NY2d 1, 10). Nevertheless, in light of defendant's failure to move either to withdraw the plea or to vacate the judgment of conviction, his challenge to the validity of his plea is not preserved for our review and no exception to the preservation doctrine is implicated in this case (*see, People v Ramirez*, 272 AD2d 779, *lv denied* 95 NY2d 907). In any event, were we to reach the merits, we would find defendant's arguments to be unavailing. County Court satisfied its obligation to determine that

defendant's plea represented a voluntary and intelligent choice among the alternative courses of action available to him (*see, People v Ruger*, 279 AD2d 795). Thus, we find no reason to disturb the plea in the interest of justice (*see, id.*).

Defendant's remaining contentions have been reviewed and found unpersuasive.

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.