■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE BERRY, Appellant. [727 NYS2d 353] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered June 2, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was indicted on four counts which included rape in the first degree. After the People learned that the results of DNA testing were inconclusive, the original plea offer, which involved a three-year prison sentence, was revised to one which involved a six-month period of incarceration and five years of probation. Defendant accepted the offer but, after reviewing the Grand Jury minutes and noting the severity of the incident as described by the victim, County Court refused to accept a

plea bargain with anything less than a three-year prison sentence. The court suggested that the possibility of an *Alford* plea be explored and defendant was afforded an opportunity to confer with counsel.

Thereafter, with the understanding that the sentence would be no more than a three-year determinate prison term, defendant entered a plea of guilty to the fourth count of the indictment, which charged sexual abuse in the first degree. Defendant's plea allocution did not include an admission of guilt, but he acknowledged that he was pleading guilty to avoid the possibility that a jury would find him guilty of the more serious charges and the lengthy prison sentence that could result therefrom. Defendant also waived his right to appeal. Shortly after entering his plea, defendant moved to withdraw it on the ground that he was innocent and had not had sufficient time to consider the plea offer. Concluding that defendant's plea was knowing and voluntary, County Court denied the motion and thereafter sentenced defendant to a determinate prison term of 2½ years. Defendant appeals.

Defendant's claim that County Court lacked a sufficient factual basis to accept his plea survived his waiver of the right to appeal (*see*, *People v Sandlin*, 282 AD2d 833) and he preserved the claim by moving to withdraw the plea (*cf.*, *People v Walton*, 248 AD2d 803, *lv denied* 92 NY2d 908). As the Court of Appeals recently emphasized, "*Alford* pleas are—and should be—rare. * * * In New York, such a plea is allowed only when, as in *Alford* itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis*, 95 NY2d 470, 474-475 [footnote and citations omitted]). In this case, the record on appeal discloses that defendant's *Alford* plea was the product of a voluntary and rational choice among the alternative courses of action available to him, but the record contains no evidence of defendant's actual guilt of sexual abuse in the first degree. Nevertheless, the record discloses that during the course of the plea negotiations, County Court considered the sworn testimony contained in the Grand Jury minutes and may have considered other evidence as well. Accordingly, the appropriate remedy is to hold this appeal in abeyance to obtain a complete record essential for intelligent review of defendant's claim.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld and the People are directed to provide this Court with a copy of the Grand Jury minutes and any other evidence in the record before the County

Court of Schenectady County pertaining to defendant's actual guilt.