(August 23, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE BERRY, Appellant. [729 NYS2d 394] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered June 2, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In November 1999, an indictment was returned against defendant charging him with numerous crimes including rape in

the first degree. After the People learned that the results of DNA testing were inconclusive, the original plea offer, which proposed a three-year prison sentence, was amended to a charge of sexual abuse in the first degree with six months' incarceration and five years' probation. Although defendant accepted the offer, County Court, after reviewing the Grand Jury minutes which included the victim's testimony, refused to accept anything less than a three-year prison sentence. The court did, however, suggest that defendant and counsel explore the possibility of an *Alford* plea.

With the understanding that the sentence would be no greater than a three-year determinate prison term, defendant entered a plea of guilty to the charge of sexual abuse in the first degree. He did not, however, make an admission of guilt in the plea allocution, instead acknowledging that he was pleading guilty to avoid the uncertainty of trial and the more lengthy prison sentence that could result. Shortly thereafter, defendant moved to withdraw the plea. Concluding that the plea was knowing and voluntary, County Court denied the motion and thereafter sentenced defendant to a determinate prison term of 2½ years.

Defendant appealed, contending that County Court should have permitted him to withdraw his plea pursuant to CPL 220.60 (3) and that the judgment of conviction should be vacated because the record failed to contain an adequate factual basis to support the *Alford* plea. We previously found that while defendant's plea was the product of a voluntary and rational choice among the available alternatives (285 AD2d 672), there existed no evidence in that record to support his commission of the crime of sexual abuse in the first degree. With the record only disclosing that County Court considered testimony presented to the Grand Jury prior to its acceptance of the plea, we held the appeal in abeyance and required the People to provide us with a copy of such testimony (*id.*).

Now presented with a full appellate record, and having previously acknowledged that the instant claim was preserved by defendant's motion to withdraw the plea (*cf., People v Walton*, 248 AD2d 803, *lv denied* 92 NY2d 908) and that it survived the waiver of the right to appeal (*see, People v Sandlin*, 282 AD2d 833, *lv denied* 96 NY2d 834), we are satisfied that there existed ample evidence before County Court of defendant's actual guilt (*see, People v Friedman*, 39 NY2d 463, 466).

The Court of Appeals recently emphasized that "*Alford* pleas are—and should be—rare. * * * In New York, such a plea is

allowed only when, as in *Alford* itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis*, 95 NY2d 470, 474-475 [footnote and citations omitted]). Here, the record reflects that defendant specifically admitted to County Court, upon the entry of the plea, that he was at the residence of the victim on the day and time that the crime took place. Upon this admission, coupled with the Grand Jury testimony now provided, we are satisfied that strong evidence of actual guilt was before the court and that the denial of defendant's application to withdraw such plea was proper.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.