■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHRYN EBERT, Appellant. [789 NYS2d 772]—

Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered December 3, 2002, convicting defendant upon her plea of guilty of the crime of criminal contempt in the first degree.

Defendant was charged in a one-count indictment with criminal contempt in the first degree for violating an order of protection on February 13, 2002 and February 16, 2002. Defendant

entered an *Alford* plea to the charged crime, waived her right to appeal and was sentenced in accordance with the plea agreement to participation in an in-house treatment program and five years' probation. Defendant now appeals.

Defendant's sole contention on appeal is that County Court erred in accepting her *Alford* plea inasmuch as there is insufficient evidence of defendant's actual guilt. Although defendant's claim survives the waiver of the right to appeal "to the extent that it involves the voluntariness of the plea" itself (*People v Sandlin*, 282 AD2d 833, 833 [2001], *lv denied* 96 NY2d 834 [2001]; *see People v Berry*, 285 AD2d 672 [2001]), defendant's challenge to the validity of the plea is nevertheless unpreserved for our review due to her failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Grier*, 11 AD3d 816 [2004]; *People v Perry*, 4 AD3d 618 [2004], *lv denied* 2 NY3d 804 [2004]). In any event, were we to reach the merits, we would find that the *Alford* plea represented an intelligent and voluntary choice on behalf of defendant given the alternatives and that the information considered by County Court, including the grand jury minutes, provide strong record evidence of defendant's guilt (*see People v Stewart*, 307 AD2d 533, 534 [2003]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.