■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY N. WILSON, Appellant. [790 NYS2d 760]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 17, 2003, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant, an inmate, pleaded guilty to the crime of promoting prison contraband in the first degree in satisfaction of a two-count indictment arising from his unlawful possession of marihuana while he was incarcerated. Pursuant to a negotiated plea agreement, sentencing was adjourned to allow him to participate in an in-patient substance abuse program, the completion of which would permit him to withdraw the guilty plea and result in the dismissal of the indictment. The People recommended that defendant be sentenced to 2 to 4 years in prison in the event of his failure to complete the program. County Court determined that such failure could result in a prison term of between 3½ to 7 years. Following defendant's discharge from the program due to his failure to abide by its requirements, he was sentenced, as a second felony offender, to a prison term of 2 to 4 years. He appeals and we affirm.

Defendant's challenge to the voluntariness of his plea is not preserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (see People v Lee, 272 AD2d 785, 785 [2000], lv denied 95 NY2d 867 [2000]; People v Ramirez, 272 AD2d 779, 779 [2000], lv denied 95 NY2d 907 [2000]; People v Santos, 247 AD2d 651, 651 [1998], lv denied 92 NY2d 905 [1998]). Although defendant initially noted that he felt pressure to plead guilty, the plea colloquy as a whole does not "cast[ ] significant doubt upon [his] guilt or otherwise call[ ] into question the voluntariness of the plea" so as to invoke the narrow exception to the preservation requirement (People v Lopez, 71 NY2d 662, 666 [1988]). Following defendant's statement, County Court made a further inquiry to ensure that defendant's plea was knowingly and voluntarily entered, and defendant's failure to dispute the court's remedial action constituted a waiver of any challenge to his allocution (see id. at 668; People v Rich, 10 AD3d 739, 740 [2004]; People v Kemp, 288 AD2d 635, 636 [2001]; People v Moore, 270 AD2d 715, 716

[2000], *lv denied* 95 NY2d 800 [2000]). In any event, were we to consider defendant's claim, we would find it to be without merit.

We are also unpersuaded by defendant's contention that his sentence is harsh and excessive. Although defendant, as a second felony offender, could have received a lengthier sentence due to his failure to complete the treatment program (*see* Penal Law § 70.06 [3] [d]; [4] [b]), County Court imposed a lesser sentence in accordance with the People's recommendation. Given defendant's criminal history and his failure to adequately address his substance abuse problem as required by the negotiated plea agreement, we discern no abuse of discretion or extraordinary circumstances to warrant a reduction in the sentence (*see People v Santiago*, 6 AD3d 979, 979 [2004]; *People v Biggs*, 268 AD2d 800, 800 [2000]; *People v Bell*, 255 AD2d 836, 836 [1998], *lv denied* 93 NY2d 966 [1999]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.