■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS E. DILLE, III, Appellant. [801 NYS2d 199]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered March 29, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]) in connection with the death of a 15-month-old child. The contention of defendant that County Court erred in accepting his *Alford* plea survives his waiver of the right to appeal to the extent that his contention implicates the voluntariness of the plea (*see People v Ebert*, 15 AD3d 781, 782 [2005]). Nevertheless, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve his contention for our review (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), and this case does not fall within the rare exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725, 726 [1995], *rearg denied* 86 NY2d 839 [1995]; *People v Lopez*, 71 NY2d 662, 666 [1988]). The further contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty inasmuch as there is no indication in the record that the plea

bargaining process was "infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]; *see People v La Bar*, 16 AD3d 1084, 1085). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.