■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MCGRAIL, Appellant. [838 NYS2d 762]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered January 12, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first

degree (Penal Law § 130.50 [3]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). To the extent that defendant contends that the allocution was factually insufficient because he specifically did not waive an intoxication defense, we note that "the record of the plea proceeding establishes that, when defendant raised a possible intoxication defense, County Court fulfilled its duty to conduct further inquiry to ensure that the plea was entered knowingly, voluntarily and intelligently" (*People v Zodarecky*, 15 AD3d 861, 862 [2005]; *see Lopez*, 71 NY2d at 666; *People v Hunter*, 281 AD2d 964 [2001], *lv denied* 96 NY2d 902 [2001]; *see also People v Howard*, 234 AD2d 1000, 1001 [1996], *lv denied* 89 NY2d 1036 [1997]). "Here, the record establishes that defendant's *Alford* plea was 'the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt' " (*People v Smith*, 26 AD3d 746, 747 [2006], *lv denied* 7 NY3d 763 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.