Appeal from a judgment of the Allegany County Court (Thomas E Brown, J.), rendered October 19, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree and resisting arrest.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution with respect to that crime (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Farnsworth, 32 AD3d 1176 [2006], lv denied 7 NY3d 867 [2006]; People v Abdallah, 23 AD3d 1116 [2005], lv denied 6 NY3d 845 [2006]), and this case does not fall within the narrow exception to the preservation rule (see Lopez, 71 NY2d at 666; Farnsworth, 32 AD3d 1176 [2006]). In any event, that challenge is without merit. Defendant entered an Alford plea with respect to that crime, and “it is well settled that ‘an Alford plea . . . does not involve a recitation of guilt’ ” (People v Smith, 26 AD3d 746, 747 [2006], lv denied 7 NY3d 763 [2006], quoting People v Alexander, 97 NY2d 482, 487 [2002]). Defendant further contends that County Court was unable to determine whether his plea was knowingly and voluntarily entered because the prosecutor failed to state on the record the evidence against him in support of both crimes to which he pleaded guilty. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus also failed to preserve that contention for our review (see People v Dille, 21 AD3d 1298 [2005], lv denied 5 NY3d 882 [2005]; People v Ebert, 15 AD3d 781 [2005]). In any event, that contention lacks merit as well. There is the requisite “strong record evidence of defendant’s guilt” of both crimes to which defendant pleaded guilty (Ebert, 15 AD3d at 782), and the record further establishes that defendant’s Alford plea was “the product of a voluntary and rational choice” (Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). We have considered defendant’s remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.