■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN L. ALLPORT, Appellant. [872 NYS2d 354]—Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 14, 2007. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that his plea was coerced by defense counsel and thus was involuntary. Although that contention survives the waiver by defendant of the right to appeal, he failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). The further contention of defendant that he was denied effective assistance of counsel survives his plea and waiver of the right to appeal inasmuch as he contends that the plea was coerced by defense counsel (*see People v Peterson*, 56 AD3d 1230 [2008]), but that contention is belied by defendant's statements during the plea colloquy (*see People v Farley*, 34 AD3d 1229 [2006], *lv denied* 8 NY3d 880 [2007]; *see also People v Nichols*, 21 AD3d 1273, 1274 [2005], *lv denied* 6 NY3d 757 [2005]). Contrary to the contention of defendant, his waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.