THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE L. KULYESHIE, Appellant. [895 NYS2d 909]—Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered March 26, 2008. The judgment convicted defendant, upon her plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that her waiver of the right to appeal was invalid. We reject that contention. County Court's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Ramos*, 7 NY3d 737, 738 [2006];

*People v Carvajal*, 68 AD3d 443 [2009]). The valid waiver by defendant of the right to appeal encompasses her challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Allport*, 59 AD3d 1001 [2009], *lv denied* 12 NY3d 850 [2009]). Defendant further contends that the order of protection is invalid because the court failed to articulate on the record its reasons for issuing a permanent order of protection pursuant to CPL 530.13 (4). Even assuming, arguendo, that defendant's contention survives the plea and the valid waiver of the right to appeal (*see People v Konieczny*, 2 NY3d 569, 574 [2004]), we conclude that it is not preserved for our review inasmuch as defendant failed to object to the order of protection at sentencing (*see People v Nieves*, 2 NY3d 310, 316-317 [2004]; *People v Hopper*, 39 AD3d 1030, 1032 [2007]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.