THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. DASH, Appellant. [902 NYS2d 490]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 27, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his plea was coerced. Although that contention survives de-

fendant's valid waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (*see People v Dozier*, 59 AD3d 987 [2009], *lv denied* 12 NY3d 815 [2009]; *People v Allport*, 59 AD3d 1001 [2009], *lv denied* 12 NY3d 850 [2009]). The further contention of defendant that County Court erred in accepting his *Alford* plea "survives his waiver of the right to appeal to the extent that his contention implicates the voluntariness of the plea" (*People v Dille*, 21 AD3d 1298, 1298 [2005], *lv denied* 5 NY3d 882 [2005]; *see People v Ebert*, 15 AD3d 781 [2005]). Defendant, however, also failed to preserve that contention for our review (*see People v Hinkle*, 56 AD3d 1210 [2008]), and this case does not fall within the exception to the preservation requirement (*see Dille*, 21 AD3d 1298 [2005]). In any event, defendant's contention lacks merit. When defendant denied entering or attempting to enter the dwelling or having an intent to commit a crime therein, the court " 'fulfilled its duty to conduct further inquiry to ensure that the plea was entered knowingly, voluntarily and intelligently' " (*People v McGrail*, 42 AD3d 962, 963 [2007], *lv denied* 9 NY3d 878 [2007]). "Here, the record establishes that defendant's *Alford* plea was 'the product of a voluntary and rational choice, and the record . . . contains strong evidence of actual guilt' " (*People v Smith*, 26 AD3d 746, 747 [2006], *lv denied* 7 NY3d 763 [2006], quoting *Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]). Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.