# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1415**
**KA 10-01059**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DEVON S. GARRY, ALSO KNOWN AS "D,"
DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 5, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We reject defendant's contention that his waiver of his right to appeal was invalid. The record of the plea colloquy and the written waiver of the right to appeal establish that defendant was "adequately apprised . . . that 'the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Kulyeshie*, 71 AD3d 1478, 1478, *lv denied* 14 NY3d 889, quoting *People v Lopez*, 6 NY3d 248, 256). Although defendant's contention that his plea was not voluntarily, knowingly, and intelligently entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Davis*, 45 AD3d 1357, *lv denied* 9 NY3d 1005; *People v Jones*, 42 AD3d 968). Further, contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon his guilt (*People v Lewandowski*, 82 AD3d 1602, 1602; *see Lopez*, 71 NY2d at 666; *Jones*, 42 AD3d 968).

Entered: December 23, 2011                    Frances E. Cafarell
                                              Clerk of the Court