# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

597

KA 10-02122

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAUN K. ELLIOTT, DEFENDANT-APPELLANT.

---

LEONARD, CURLEY & WALSH, PLLC, ROME (MICHAEL W. ARTHUR OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO,
ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Charles C. Merrell, J.), rendered July 9, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in accepting his *Alford* plea because the record lacked the requisite "strong evidence of actual guilt" to support his plea. That contention survives his waiver of the right to appeal to the extent that it implicates the voluntariness of the plea (*see People v Dash*, 74 AD3d 1859, 1860, *lv denied* 15 NY3d 892; *People v Dille*, 21 AD3d 1298, 1298, *lv denied* 5 NY3d 882). By failing to move to withdraw the plea or vacate the judgment of conviction on the ground that the record lacked the requisite "strong evidence of actual guilt," however, defendant failed to preserve his contention for our review (*see Dille*, 21 AD3d at 1298; *People v Ebert*, 15 AD3d 781, 782), and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666; *Dille*, 21 AD3d at 1298). In any event, we conclude that "the record establishes that defendant's *Alford* plea was the product of a voluntary and rational choice, and the record . . . contains strong evidence of actual guilt" (*Dash*, 74 AD3d at 1860 [internal quotation marks omitted]).

Entered: June 7, 2013                          Frances E. Cafarell
                                               Clerk of the Court