# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**468**
**KA 15-00001**
PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GREGORY BAIRD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered October 14, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that his plea was not knowing and voluntary because County Court did not conduct the requisite further inquiry after he negated an essential element of the crime during the plea colloquy by denying that he threatened the use of a dangerous instrument. At the outset, we note that defendant's contention survives his valid waiver of the right to appeal (*see People v Theall*, 109 AD3d 1107, 1107-1108, *lv denied* 22 NY3d 1159). Nevertheless, even assuming, arguendo, that his contention falls within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666), we conclude that the court "fulfilled its duty to conduct further inquiry to ensure that the plea was entered knowingly, voluntarily and intelligently" (*People v Dash*, 74 AD3d 1859, 1860, *lv denied* 15 NY3d 892 [internal quotation marks omitted]; *see Lopez*, 71 NY2d at 666). Specifically, after the court noted that defendant appeared to have negated the element in question, defendant conferred with his attorney and thereafter admitted that he had a box cutter that was visible outside his pocket, that his hand was inches from the box cutter, and that he told the victim that he did not want to hurt her. Those admissions are sufficient to show that defendant threatened the use of a dangerous instrument, and we therefore conclude that the court properly accepted the plea (*see People v Lawrence*, 118 AD3d 1501, 1502, *lv denied* 24 NY3d 1220; *see also People v Skinner*, 284 AD2d 906, 907; *People v Norman*, 284 AD2d 933, 933-934,

*lv denied* 96 NY2d 905).

Defendant's further contention that his plea was coerced by his attorney also survives his waiver of the right to appeal, but he failed to preserve it for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (*see Dash*, 74 AD3d at 1859-1860), and we conclude in any event that it is without merit.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court