People v Wilson (2021 NY Slip Op 04877)





People v Wilson


2021 NY Slip Op 04877


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


629 KA 18-02442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATHANIEL D. WILSON, ALSO KNOWN AS NATHANIEL D. WILSON, JR., ALSO KNOWN AS NATHANIEL WILSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered September 25, 2018. The judgment convicted defendant, upon a plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his Alford plea, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid and does not encompass his challenges to his plea and to the severity of the sentence. With respect to defendant's contention that County Court erred in accepting his Alford plea because the record does not contain the requisite strong evidence of guilt or establish that the plea was the product of a voluntary and rational choice, we note that defendant's contention would survive even a valid waiver of the right to appeal to the extent that it implicates the voluntariness of the plea (see People v Dash, 74 AD3d 1859, 1860 [4th Dept 2010], lv denied 15 NY3d 892 [2010]; People v Dille, 21 AD3d 1298, 1298 [4th Dept 2005], lv denied 5 NY3d 882 [2005]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, however, and thus he failed to preserve that contention for our review (see People v Dixon, 147 AD3d 1518, 1518-1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]; People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]). Defendant further contends that preservation is not required because the plea was not knowingly, voluntarily and intelligently entered inasmuch as he made statements during sentencing that were inconsistent with guilt and the court failed to conduct the requisite "further inquiry" (People v Lopez, 71 NY2d 662, 666 [1988]). We conclude that preservation is required because the "record indicated strong evidence of guilt and the court was not required to do more than it did to ensure that defendant voluntarily entered the plea" (People v Couser, 28 NY3d 368, 379 [2016]). Furthermore, defendant raised the issue of intoxication for the first time in the presentence interview, and therefore the court had no duty to make further inquiry at the time of the plea based on such information (see generally People v Espinal, 99 AD3d 435, 435 [1st Dept 2012], lv denied 20 NY3d 986 [2012]). In any event, " '[i]n New York, [an Alford] plea is allowed only when, as in Alford itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt' " (People v Richardson, 72 AD3d 1578, 1579 [4th Dept 2010]; see People v Hill, 16 NY3d 811, 814 [2011]). Here, we conclude that both of those conditions were met (see People v Cruz, 89 AD3d 1464, 1465 [4th Dept 2011], lv denied 18 NY3d 993 [2012]). Furthermore, we note that, "unlike an ordinary guilty plea, an Alford plea does not involve a recitation of guilt . . . Inasmuch as defendant tendered his plea without admitting guilt, his claims of innocence are not incompatible with his Alford plea . . . As such, they form no basis to attack the plea" (People v Alexander, 97 NY2d 482, 487 [2002]).
Finally, even assuming, arguendo, that defendant's waiver of the right to appeal was invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see also People v Bisono, 36 NY3d 1013, 1017-1018 [2020]), and thus does not preclude our review of his challenge to the severity of his sentence (see People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we conclude that the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court