People v Crittleton (2022 NY Slip Op 00787)





People v Crittleton


2022 NY Slip Op 00787


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND BANNISTER, JJ.


1106 KA 18-01554

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL R. CRITTLETON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 26, 2018. The judgment convicted defendant, upon a plea of guilty, of burglary in the second degree (two counts), criminal obstruction of breathing or blood circulation (two counts), and attempted grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his Alford plea, of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in accepting his plea because it was not knowingly and voluntarily entered. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see People v Dixon, 147 AD3d 1518, 1518-1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]; People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]). Furthermore, this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court