People v Gaines (2025 NY Slip Op 03470)

People v Gaines

2025 NY Slip Op 03470

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

442 KA 24-00052

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GLASTON GAINES, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ELIZABETH HENNING OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered December 6, 2023. The judgment convicted defendant upon his plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, we conclude on this record that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Bailey, 230 AD3d 1543, 1543-1544 [4th Dept 2024], lv denied 42 NY3d 1034 [2024]; People v Hudson, 229 AD3d 1354, 1354 [4th Dept 2024], lv denied 42 NY3d 1020 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Defendant, relying on People v Sutton (184 AD3d 236, 244-245 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]), contends that the waiver is invalid because it was included as part of the plea agreement as demanded by County Court rather than by the People, and the court failed to sufficiently articulate the reasons for its demand. This Court, however, has not adopted the rule created by the Second Department (see People v Figueroa, 230 AD3d 1581, 1583 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). In any event, "the court here, unlike the court in Sutton, included the appeal waiver as a condition of the plea offer prior to accepting defendant's plea and articulated on the record that the appeal waiver was required in order for defendant to secure the benefit of the sentencing limitation promised by the court" (id.). We have considered defendant's remaining contentions regarding the waiver of the right to appeal and conclude that they are without merit.
Defendant next contends that the plea was involuntary because remarks that he made at sentencing raised the affirmative defense of duress, requiring the court to conduct a further inquiry. Although defendant's valid waiver of the right to appeal does not preclude his contention that the plea was involuntarily made, he failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Council, 234 AD3d 1361, 1362 [4th Dept 2025]; People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here because nothing that defendant said during the plea colloquy itself required the court to inquire further before accepting the plea (see Council, 234 AD3d at 1362; Edmonds, 229 AD3d at 1276). Contrary to defendant's assertion, "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness 'based upon comments made by [the] defendant during . . . sentencing' " (People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; see Council, 234 AD3d at 1362-1363; Edmonds, 229 AD3d at 1276). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Council, [*2]234 AD3d at 1363; Edmonds, 229 AD3d at 1276).
Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]). Finally, defendant contends that the court failed to set forth its reasons for issuing a final order of protection pursuant to CPL 530.13 (4). Even assuming, arguendo, that defendant's contention survives the plea (see People v Konieczny, 2 NY3d 569, 574 [2004]) and the valid waiver of the right to appeal (see People v Nicometo, 137 AD3d 1619, 1620 [4th Dept 2016]), we conclude, and defendant correctly concedes, that he failed to preserve his contention for our review (see People v Kulyeshie, 71 AD3d 1478, 1479 [4th Dept 2010], lv denied 14 NY3d 889 [2010]; see generally People v Nieves, 2 NY3d 310, 315-317 [2004]; People v Warren, 222 AD3d 1423, 1423 [4th Dept 2023]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Kulyeshie, 71 AD3d at 1479).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court